1  Gary K. Salomons, SBN 126280
2  SALOMONS LAW GROUP
   4558 Sherman Oaks Avenue
3  Sherman Oaks, CA 91403
   Telephone: (818) 304-8440

4  Jeff Katofsky, Esq., SBN 138773
5  LAW OFFICES OF JEFF KATOFSKY
   4558 Sherman Oaks Avenue
6  Sherman Oaks, CA 91403
   Telephone: (818) 990-1475

7
8  Attorney Defendants,
   CAPITOL DISTRIBUTION COMPANY, LLC
9  and GARY HARDGROVE

10

11              UNITED STATES DISTRICT COURT
12
      CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION
13

14 | BAKEMARK USA, LLC,                | Case No. 2:21-cv-2499
15 |           Plaintiff,              |
16 |                                   | **DEFENDANTS GARY
      |      v.                          | HARDGROVE'S AND CAPITOL
17 |                                   | DISTRIBUTION COMPANY, LLC'S
18 | JAVIER    NAVARRO,    JEFFREY     | OPPOSITION TO PLAINTIFF'S *EX
      | KLEIN, ROY BAHNER, GARY         | PARTE* APPLICATION FOR A
19 | HARDGROVE,           CAPITOL      | TEMPORARY RESTRAINING
      | DISTRIBUTION COMPANY, LLC,       | ORDER AND ORDER TO SHOW
20 | d/b/a CAPITOL FOOD CO., and       | CAUSE RE: PRELIMINARY
      | SUNRISE FOOD SERVICE, INC.,      | INJUNCTION; DECLARATIONS OF
21 |           Defendants.             | JOHN LEVI, GARY HARDGROVE
22 |                                   | AND GARY SALOMONS**
23 |                                   |
24 |                                   | JUDGE: Hon. John A. Kronstadt
25 |                                   | CTRM: 10B

26

27

28

-1-

OPPOSITION TO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

Defendants GARY HARDGROVE ("HARDGROVE") and CAPITOL DISTRIBUTION COMPANY, LLC, a California Limited Liability Company d/d/a/ CAPITOL FOOD CO. ("CAPITOL"), submit this Opposition to Plaintiff BAKEMARK USA, LLC's *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction (the "Application").

For the reasons set forth herein, the evidence presented by Plaintiff as to CAPITOL and HARDGROVE is insufficient to justify granting injunctive relief, and therefore, the Application must be denied as to them.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

By its Application, Plaintiff seeks emergency injunctive relief that would cause significant harm to CAPITOL predicated upon a dearth of competent, admissible evidence that CAPITOL has engaged in any conduct whatsoever justifying such drastic relief. Rather, the Application focuses on the recent conduct of three (3) BakeMark employees, none of whom have any relationship whatsoever with CAPITOL. To the contrary, the undisputed evidence demonstrates that CAPITOL independently developed its own cake mixes and has been selling them for approximately three (3) years now.

Worse still, HARDGROVE, a former BakeMark employee now employed by Capitol, left the employ of BakeMark in 2009. (Hardgrove Decl., ¶ 2) While employed at BakeMark, HARDGROVE worked in purchasing. (Hardgrove Decl., ¶ 2) After leaving the employ of BakeMark, HARDGROVE then went to work for Nasco Gourmet Foods & Food Source International from 2009 to 2014. (Hardgrove Decl., ¶ 3) CAPITOL did not hire HARDGROVE until 2014. (Hardgrove Decl., ¶ 3)

1      At the time HARDGROVE was hired by CAPITOL, he executed a

2  Confirmation of Compliance Regarding Information of a Former Employer. (Levi

3  Decl., ¶ 4, Exhibit "A")

4      More than three (3) years after HARDGROVE commenced employment with

5  CAPITOL, in March 2018, HARDGROVE received a Cease and Desist Letter from

6  BakeMark. (Salomons Decl., ¶ 2)  Counsel for CAPITOL transmitted a letter to

7  BakeMark's counsel, providing a copy of the Confirmation of Compliance Regarding

8  Information of a Former Employer and confirming that HARDGROVE brought

9  nothing from BakeMark to CAPITOL. (Salomons Decl., ¶3, Exhibit "1") BakeMark's

10  counsel responded to the letter and made no attempt to proceed with any legal action

11  at that time based upon HARDGROVE's representations.  (Salomons Decl., ¶4,

12  Exhibit "2")

13      CAPITOL has had its own Research and Development Department since 2016.

14  (Levi Decl., ¶ 6)  Contrary to the Plaintiff's unsupported and speculative assertions,

15  CAPITOL **purchased** the Cake Donut Mix recipe from a third party in 2017. (Levi

16  Decl., ¶ 7)  CAPITOL has been selling the Cake Donut Mix since September 2017.

17  (Levi Decl., ¶ 7)

18      Likewise, CAPITOL **purchased** the Old Fashioned Cake Donut Mix recipe

19  from a third party in 2017.  (Levi Decl., ¶ 9)  CAPITOL has been selling the Old

20  Fashioned Cake Donut Mix since September 2017.  (Levi Decl., ¶ 9)

21      In 2018, Rachel Baylon of the CAPITOL Research and Development

22  department independently developed CAPITOL's Red Velvet Cake Donut Mix. (Levi

23  Decl., ¶ 8)    CAPITOL has been selling its Red Velvet Cake Donut Mix since

24  September 2019. (Levi Decl., ¶ 8)

25      In 2018, Denis Nguyen of the CAPITOL Research and Development

26  department independently developed CAPITOL's Vegan Cake Donut Mix. (Levi

27

28

OPPOSITION TO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

1   Decl., ¶ 10)   CAPITOL has been selling its Vegan Cake Donut Mix since June 2018.

2   (Levi Decl., ¶ 10)

3        In 2017, Denis Nguyen of the CAPITOL Research and Development

4   department independently developed CAPITOL's Buttermilk Bar Mix in conjunction

5   with third party developer Joe Topp. (Levi Decl., ¶ 11)   CAPITOL has been selling

6   its Buttermilk Mix since January 2018. (Levi Decl., ¶ 11)

7        In 2018, Denis Nguyen of the CAPITOL Research and Development

8   department independently developed CAPITOL's Blueberry Cake Donut Mix. (Levi

9   Decl., ¶ 12)   CAPITOL has been selling its Blueberry Cake Donut Mix since June

10  2018. (Levi Decl., ¶ 12)

11       HARDGROVE has not recently spoken to Javier Navarro. (Hardgrove Decl., ¶

12  5)   At no time has Mr. Navarro provided HARDGROVE with any BakeMark

13  proprietary information or documentation of any kind whatsoever, including recipes

14  or formulations. (Hardgrove Decl., ¶ 5) John Levi, one of the principals of CAPITOL,

15  has never met Javier Navarro. (Levi Decl., ¶ 15)

16       HARDGROVE has not exchanged texts, voice mails, telephone calls or emails

17  with Jeffrey Klein. (Hardgrove Decl., ¶ 6)   Mr. Klein did attend tastings that

18  HARDGROVE was invited to on Sunday January 24, 2021 and Thursday and Friday

19  February 11 and 12, 2021. (Hardgrove Decl., ¶ 6) At no time has Mr. Klein provided

20  HARDGROVE with any BakeMark proprietary information or documentation of any

21  kind whatsoever, including recipes or formulations. (Hardgrove Decl., ¶ 6) John Levi,

22  one of the principals of CAPITOL, has never met Jeffrey Klein. (Levi Decl., ¶ 16)

23       HARDGROVE has not exchanged texts, voice mails, telephone calls or emails

24  with Roy Bahner. (Hardgrove Decl., ¶ 7)   Mr. Bahner did attend tastings that

25  HARDGROVE was invited to on Sunday January 24, 2021 and Thursday and Friday

26  February 11 and 12, 2021. (Hardgrove Decl., ¶ 7) At no time has Mr. Bahner provided

27  HARDGROVE with any BakeMark proprietary information or documentation of any

28

OPPOSITION TO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

1 kind whatsoever, including recipes or formulations. (Hardgrove Decl., ¶ 7)  John Levi,

2 one of the principals of CAPITOL, has never met Roy Bahner. (Levi Decl., ¶ 17)

3       Contrary to Plaintiff's inferences, there is significant competition in the donut

4 mix space.  Companies such as Pillsbury, General Mills, Rich's, Dawn, Krusteaz, King

5 Arthur, Gusmer Enterprises, Pennant Ingredients, Honeyville, Idan Foods, New Hope

6 Mills, Purratos, Dakota Blenders, CH Gunther, Inc., QNF Foods, and New Horizon

7 Foods, among others, make competing donut mixes. (Levi Decl., ¶ 13)  In fact, several

8 of the companies publish the ingredient lists of their donut mixes on their internet

9 websites. (Levi Decl., ¶ 13)

10       Based upon the foregoing facts, there is no evidence that either HARDGROVE

11 or CAPITOL have misappropriated anything from BakeMark.  Accordingly, the

12 Application should and must be denied as to CAPITOL and HARDGROVE.

13 **II.**

14 **LEGAL ARGUMENT**

15 **A.  STANDARDS FOR INJUNCTIVE RELIEF**

16       Plaintiffs seeking a preliminary injunction must establish a likelihood of success

17 on the merits, a likelihood of irreparable harm in the absence of a preliminary relief,

18 that the balance of equities tip in Plaintiff's favor, and that the injunction is in the

19 public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20,

20 129 S.Ct. 365, 374 (2008).  A preliminary injunction is an extraordinary remedy never

21 awarded as a right. *Id.*, 555 U.S. at 24, 129 S.Ct. at 376; citation omitted. The District

22 Court must balance the competing claims of injury, and consider the effect on each

23 party of the granting or withholding of the injunctive relief. *Id.*

24       A preliminary injunction "should not be granted unless the movant, by a clear

25 showing, carries the burden of persuasion." *Villegas Lopez v. Brewer*, 680 F.3d 1068

26 (9th Cir. 2012).

27

28

1       Plaintiff has failed to meet its burden of persuasion as to CAPITOL and

2   HARDGROVE.  Therefore, the Application must be denied.

3       **B.**    **<u>PLAINTIFF HAS FAILED TO INTRODUCE ANY EVIDENCE</u>**

4           **<u>THAT CAPITOL AND/OR HARDGROVE HAVE</u>**

5           **<u>MISAPPROPRIATED PLAINTIFF'S TRADE SECRETS</u>**

6       18 U.S.C. __ 1836(3) states in pertinent part:

7   "In a civil action brought under this subsection with respect to the

8   misappropriation of a trade secret, a court may—

9       (A)grant an injunction—

10           (i)to prevent any actual or threatened misappropriation described

11       in paragraph (1) on such terms as the court deems reasonable, provided

12       the order does not—

13           (I)prevent a person from entering into an employment

14       relationship, and that conditions placed on such employment shall be

15       based on evidence of threatened misappropriation and not merely on the

16       information the person knows; or

17           (II)otherwise conflict with an applicable State law prohibiting

18       restraints on the practice of a lawful profession, trade, or business;

19       (ii)if determined appropriate by the court, requiring affirmative actions

20       to be taken to protect the trade secret; and

21       (iii)in exceptional circumstances that render an injunction inequitable,

22       that conditions future use of the trade secret upon payment of a reasonable

23       royalty for no longer than the period of time for which such use could have

24       been prohibited;…"

25       Plaintiff has not introduced any evidence that CAPITOL and/or HARDGROVE

26   are threatening or have actually misappropriated any of Plaintiff's trade secrets.

27   Rather, Plaintiff attempts to lump CAPITOL and HARDGROVE into the conduct of

28

1   the main target defendants: Navarro, Klein and Bahner.   The only "evidence"

2   regarding CAPITOL and/or HARDGROVE is found in ¶¶14 and 15 of the Kim Munoz

3   declaration.  In paragraph 14, Ms. Munoz states: "Bahner told me a lot about his plan

4   with Klein and Navarro to compete with Bakemark.  They have taken and copied all

5   of Bakemark's donut mix line (Raise, Cake, Blueberry, Chocolate, Red Velvet, French

6   Culler, Buttermilk, Old Fashioned, Vegan), which they intend to sell under Capitol's

7   label and distribute through Sunrise."

8         In paragraph 15, Ms. Munoz states: "Klein also intends to combine copies of

9   Bakemark's "Master Mix" and "Super Roll Mix", both of which are Bakemark's

10  proprietary formulas for donut raise mixes, into one bag and sell it under Capitol's

11  label."

12        Roy Bahner concedes in paragraph 8 of his declaration: "Hardgrove worked

13  with the BakeMark's receipts for donut mixes while he was at BakeMark, **but I have**

14  **no knowledge of how or when he created the donut mixes for Capitol.**" (Emphasis

15  added)

16        The statements regarding CAPITOL and/or HARDGROVE amount to nothing

17  more than rank speculation.  There is no evidence that any of the BakeMark employees

18  **actually transmitted** any formulas and/or recipes to CAPITOL and/or

19  HARDGROVE.  There is no evidence before this Court that Capitol has utilized any

20  of BakeMark's formulas and/or recipes.  There is no evidence that CAPITOL is

21  threatening to sell, or has sold, any donut mixes derived from BakeMark's

22  formulations.   There is no evidence that HARDGROVE took any BakeMark

23  proprietary information when he left its employ in 2009.

24        Rather, the only evidence before this Court is that CAPITOL purchased two of

25  the recipes it is currently selling, and has been since 2017. (Levi Decl., ¶¶ 7, 9)   As

26  to the other products, CAPITOL independently developed its own donut mix

27  formulations several years ago, and its recipes have not changed since they were

28

OPPOSITION TO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

1  initially developed. (Levi Decl., ¶¶ 8, 10, 11, 12)   CAPITOL has been selling these
2  products since 2018 and 2019. (Levi Decl., ¶¶ 8, 10, 11, 12)

3  Both HARDGROVE and the CAPITOL principal unequivocally testify that
4  Navarro, Klein and/or Bahner have given them **no** information or documentation at
5  any time. (Hardgrove Decl., ¶¶ 5, 6, 7; Levi Decl., ¶¶ 15, 16, 17)

6  Worse still, BakeMark attempts to convince this Court that its donut mixes are
7  somehow unique.  Rather, there exists significant competition in the marketplace.  For
8  instance, Pillsbury, General Mills, Rich's, Dawn, Krusteaz, King Arthur, Gusmer
9  Enterprises, Pennant Ingredients, Honeyville, Idan Foods, New Hope Mills, Purratos,
10 Dakota Blenders, CH Gunther, Inc., QNF Foods, and New Horizon Foods manufacture
11 similar donut mixes. (Levi Decl., ¶ 13)  In fact, several of the companies publish the
12 ingredient lists of their donut mixes on their internet websites.  (Levi Decl., ¶ 13)

13 The evidence before this Court is woefully inadequate to justify granting
14 injunctive relief against CAPITOL and/or HARDGROVE.  Therefore, the Application
15 should be denied as to CAPITOL and HARDGROVE.

### III.

### CONCLUSION

18 Plaintiff desperately attempts to lump CAPITOL and HARDGROVE together
19 with the other defendants, who are or were employed by Plaintiff.  The facts do not
20 exist to do so. Rather, the evidence establishes that CAPITOL purchased two of the
21 donut mix recipes in 2017, and it has been selling the mixes continually since then.

22 As to the other products, CAPITOL independently developed them in 2018 and
23 2019, and it has been selling those products continually since.  There is no evidence
24 that any of the three (3) individual defendants have given any information or
25 documentation to either HARDGROVE or CAPITOL.

26 ///
27 ///
28

1    There is no evidence to support a finding of a threatened or actual

2  misappropriation by either CAPITOL and/or HARDGROVE.    Therefore, the

3  Application must be denied as to CAPITOL and HARDGROVE.

4  Dated: March 30, 2021              SALOMONS LAW GROUP

5

6                                     By: _____

7                                         GARY K. SALOMONS

8                                         Attorneys for Defendants
                                          CAPITOL DISTRUBITION
9                                         COMPANY, LLC and GARY
                                          HARDGROVE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4558 Sherman Oaks Ave., Sherman Oaks, CA 91403

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANTS GARY HARDGROVE'S AND
CAPITOL DISTRIBUTION COMPANY, LLC'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR A
TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION;
DECLARATIONS OF JOHN LEVI, GARY HARDGROVE AND GARY SOLOMONS
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
03/30/2021            , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:
  Deborah A. Hedley, Esq., VEDDER PRICE LLP by electronic service only: dhedley@vedderprice.com
  Theodore E. Bacon, Esq., ALVARADO SMITH, by electronic service only: tbacon@alvaradosmith.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)                , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   03/30/2021            , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Hon. John A. Kronstadt,  United States District Court
First Street U.S. Courthouse, Ctrm. 10B
350 W. First Street
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/30/2021 | JUDITH GROVES | /s/ |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**