THEODORE E. BACON (CA Bar No. 115395)
tbacon@AlvaradoSmith.com
JACOB M. CLARK (CA Bar No. 266630)
jclark@AlvaradoSmith.com
ALVARADOSMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel:  (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
JAVIER NAVARRO and JEFFREY KLEIN

# UNITED STATES DISTRICT COURT

## CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKEMARK USA, LLC, | **CASE NO.: 2:21-cv-02499-JAK-AGR** |
| Plaintiff, | **DISTRICT JUDGE:**<br>HON. JOHN A. KRONSTADT |
| v. | **MAGISTRATE JUDGE:**<br>HON. ALICIA G. ROSENBERG |
| JAVIER NAVARRO, an individual, JEFFREY KLEIN, an individual, ROY BAHNER, an individual, GARY HARDGROVE, an individual, CAPITOL DISTRIBUTION COMPANY, LLC d/b/a CAPITOL FOOD CO., a California limited liability company SUNRISE FOOD SERVICE, INC., a California corporation, and DOES 1 through 50, inclusive. | **DEFENDANTS JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK USA, LLC'S COMPLAINT** |
| Defendants. | **Action Filed:**     March 23, 2021 |

Comes Now, Defendants Javier Navarro ("Navarro") and Jeffrey Klein ("Klein" and collectively "Defendants") and answer the Complaint of Plaintiff BakeMark USA, LLC ("Plaintiff" or "BakeMark") as follows:

1.     In response to paragraph 1 of the Complaint, Defendants admit BakeMark is a Bakery Supply Company which manufacturing and distributes in several branches across the U.S. and Canada goods under its brand names but lacks

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and therefore denies the remaining allegations.

2.      In response to paragraphs 2 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

3.       In response to paragraphs 3 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

4.      In response to paragraph 4 of the Complaint, Defendants admits that that they have been hired by Sunrise Food Service, Inc. ("Sunrise"), which is a competitor of BakeMark.  Defendants admit that Roy Bahner had been offered employment with Sunrise, but is not employed by Sunrise at this time.  Defendants deny that BakeMark was "under attack" by Defendants or that Defendants under took actions in "cahoots" with either Sunrise or the Capital while employed by BakeMark.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

5.      In response to paragraph 5 of the Complaint, Defendants deny the allegations.

6.      In response to paragraph 6 of the Complaint, Defendants deny the allegations.

**THE PARTIES**

7.      In response to paragraph 7 of the Complaint, Defendants admit the allegation.

8.      In response to paragraph 8 of the Complaint, Defendants admit the allegation.

9.      In response to paragraph 9 of the Complaint, Defendants admit the allegation.

AlvaradoSmith
A Professional Corporation
Santa Ana

10.     In response to paragraph 10 of the Complaint, Defendants admit that Roy Bahner ("Bahner") is an individual, but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and therefore denies each and every remaining allegation therein.

11.     In response to paragraph 11 of the Complaint, Defendants admit that Gary Hardgrove ("Hardgrove") is an individual, but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and therefore denies each and every remaining allegation therein.

12.     In response to Paragraph 12 of the Complaint,  Defendants admit the allegations.

13.     In response to Paragraph 13 of the Complaint,  Defendant admits the allegation.

14.     In response to paragraph 14 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

15.     In response to paragraph 15 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

## JURISDICTION AND VENUE

16.     In response to paragraph 16 of the Complaint, Defendants admit the allegations.

17.     In response to paragraph 17 of the Complaint, Defendants admit the allegations.

18.     In response to paragraph 18 of the Complaint, Defendants admit the allegations.

19.     In response to paragraph 19 of the Complaint, Defendants admit the allegations.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

# FACTUAL BACKGROUND

20.     In response to paragraph 20 of the Complaint, Defendants admit that BakeMark is a bakery supplier in the nation but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and therefore denies each and every remaining allegation therein.

21.     In response to paragraph 21 of the Complaint, Defendants admit BakeMark is a Bakery Supply Company in the highly competitive business of manufacturing and distributing baking under its brand names but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and therefore denies the remaining allegations.

22.     In response to paragraph 22 of the Complaint, Defendants admit BakeMark has recipes, product listings, customer lists, and pricing, but lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and therefore denies the remaining allegations.

23.     In response to paragraph 23 of the Complaint, Defendants admit BakeMark has recipes, icing products and donut mixes, including raise, cake, blueberry, chocolate, red velvet, French cruller, buttermilk, old fashioned and vegan, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and therefore denies the remaining allegations.

24.     In response to paragraph 24 of the Complaint, Defendants admit BakeMark has recipes but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and therefore denies the remaining allegations.

25.     In response to paragraph 25 of the Complaint, Defendants admit that they had to sign an "Employee Non-Solicitation, Inventions, & Confidentiality Agreement" in connection with their employment with BakeMark, wherein the agreement which speaks itself, but lacks knowledge and information sufficient to form a belief as to the

5046500.1 -- B6228.3

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

truth of the remaining allegations contained in said paragraph and therefore denies the remaining allegations.

26. In response to paragraph 26 of the Complaint, Defendants admit allegations.

27. In response to paragraph 27 of the Complaint, Defendants admit allegations.

28. In response to paragraph 28 of the Complaint, Defendants admits that Klein, Navarro and Bahner were each employed at BakeMark with the respective positions of Director of Sales, District Sales Manager and District Sales Manager. Defendants admit that Klein, Navarro and Bahner all worked for BakeMark for at least four years or more.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

29. In response to paragraph 29 of the Complaint, Klein admits he was a sales director hired in 2016 allegations and that he managed sales employees in Hawaii and other U.S. States, worked to develop business plans, recommended changes to fulfill objectives, executed sales plans and was provided pricing information which was set by other Bakemark employees, was involved in hiring and firing sales force and determining staff requirements and evaluating performance and goal measuring, but denies the remaining allegations.  Navarro admits that Klein was employed by BakeMark as the Director of Sales for BakeMark, but lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the allegations.

30. In response to paragraph 30  of the Complaint, Navarro admits Klein admits he was a sales director hired in 2016 allegations and that he managed sales employees in Hawaii and other U.S. States, worked to develop business plans, recommended changes to fulfill objectives, executed sales plans and was provided

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**DEFENDANTS JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK USA, LLC'S COMPLAINT**

pricing information which was set by other Bakemark employees, was involved in hiring and firing sales force and determining staff requirements and evaluating performance and goal measuring, but denies the remaining allegations.  Klein admits that Navarro was employed by BakeMark as a District Sales Manager, but lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the allegations.

31.     In response to paragraph  31 of the Complaint, Defendants admit that Bahner was employed by BakeMark as a District Sales Manager, but lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the allegations.

32.     In response to paragraph 32 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies said allegations.

33.     In response to paragraph 33 of the Complaint, Defendants admit that during their employment with BakeMark they obtained knowledge regarding BakeMark's business of manufacturing and marketing BakeMark's bakery supply goods, but lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies said allegations.

34.     In response to paragraph 34 of the Complaint, Defendants admit that they signed the "Employee Non-Solicitation, Inventions, & Confidentiality Agreement" in connection with their employment with BakeMark.  Navarro admits that "Exhibit A" to the Complaint is a copy of the "Employee Non-Solicitation, Inventions, & Confidentiality Agreement" he executed in February 2021.  Klein admits that "Exhibit B" to the Complaint is a copy of the "Employee Non-Solicitation, Inventions, & Confidentiality Agreement" he executed in February 2021.   As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

ALVARADO SMITH
A PROFESSIONAL CORPORATION
SANTA ANA

6

5046500.1 -- B6228.3

35.    In response to paragraph 35 of the Complaint, Defendants admit that the quoted language found in the paragraph is found on page 1 of the "Employee Non-Solicitation, Inventions, & Confidentiality Agreement."  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

36.    In response to paragraph 36 of the Complaint, Defendants admit that the quoted language found in the paragraph is included in Provision 4 of the "Employee Non-Solicitation, Inventions, & Confidentiality Agreement."  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

37.    In response to paragraph 37 of the Complaint, Defendants admit that the quoted language found in the paragraph is included in Provision 6 of the "Employee Non-Solicitation, Inventions, & Confidentiality Agreement."  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

38.    In response to paragraph 38 of the Complaint, Defendants admit that the quoted language found in the paragraph is included in Provision 7 of the "Employee Non-Solicitation, Inventions, & Confidentiality Agreement."  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

39.    In response to paragraph 39 of the Complaint, Defendants admit that the quoted language found in the paragraph is included in Provision 11 of the "Employee Non-Solicitation, Inventions, & Confidentiality Agreement."  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**DEFENDANTS JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK USA, LLC'S COMPLAINT**

5046500.1 -- B6228.3

sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

40.     In response to paragraph 40 of the Complaint, Defendants admits that Klein, Navarro and Bahner were each employed at BakeMark with the respective positions of Director of Sales, District Sales Manager and District Sales Manager. Defendants admit that Klein, Navarro and Bahner all worker for BakeMark for at least four years or more.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

41.     In response to paragraph 41 of the Complaint, Defendants deny the allegations.

42.     In response to paragraph 42 of the Complaint, Defendants deny the allegations.

43.     In response to paragraph 43 of the Complaint, Defendants deny the allegations.

44.     In response to paragraph 44 of the Complaint, Defendants admits that Navarro, Klein and Bahner were all employed in the sales division of BakeMark wherein part of the duties included to increase sales for BakeMark.  Defendants deny all remaining allegations in this paragraph.

45.     In response to paragraph 45 of the Complaint, Defendants deny the allegations.

46.      In response to paragraph 46 of the Complaint, Defendants deny the allegations.

47.     In response to paragraph 47 of the Complaint, Defendants admit they were tasked with hiring more salespersons but deny the remaining allegations.

48.     In response to paragraph 48 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

8

allegations contained in said paragraph and therefore denies the remaining allegations.

49. In response to paragraph 49 of the Complaint, Defendants deny the allegations.

50. In response to paragraph 50 of the Complaint, Defendants deny the allegations.

51. In response to paragraph 51 of the Complaint, Defendants admit that Klein and Navarro have emails BakeMark's document from their work emails to their personal email for sole purpose of carrying out their job duties while employed by BakeMark. As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

52. In response to paragraph 52 of the Complaint, Defendants deny the allegations.

53. In response to paragraph 53 of the Complaint, Defendants deny the allegations.

54. In response to paragraph 54 of the Complaint, Defendants deny that either Navarro or Klein provided any of BakeMark's recipe to Hardgrove. As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

55. In response to paragraph 55 of the Complaint, Defendants deny the allegations.

56. In response to paragraph 56 of the Complaint, Defendants deny the allegations.

57. In response to paragraph 57 of the Complaint, Defendants deny the allegations.

58. In response to paragraph 58 of the Complaint, Defendants deny the

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

9

allegations.

## <u>COUNT I</u>

### (VIOLATION OF DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836

### Against All Defendants)

59.     In response to paragraph 59 of the Complaint, Defendants incorporate by reference each of its responses to the reasserted allegations.

60.     In response to paragraph 60 of the Complaint, Defendants deny the allegations.

61.     In response to paragraph 61 of the Complaint, Defendants deny the allegations.

62.     In response to paragraph 62 of the Complaint, Defendants deny the allegations.

63.     In response to paragraph 63 of the Complaint, Defendants deny the allegations.

64.     In response to paragraph 64 of the Complaint, Defendants deny the allegations.

65.     In response to paragraph 65 of the Complaint, Defendants deny the allegations.

66.     In response to paragraph 66 of the Complaint, Defendants deny the allegations.

67.     In response to paragraph 67 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

68.     In response to paragraph 68 of the Complaint, Defendants deny the allegations that pertain to any alleged conduct of Defendants.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

AlvaradoSmith
A Professional Corporation
Santa Ana

10

69.     In response to paragraph 69 of the Complaint, Defendants deny the allegations.

70.     In response to paragraph 70 of the Complaint, Defendants deny the allegations.

71.     In response to paragraph 71 of the Complaint, Defendants deny the allegations.

72.     In response to paragraph 72 of the Complaint, Defendants deny the allegations.

73.     In response to paragraph 73 of the Complaint, Defendants deny the allegations.

## <u>COUNT II</u>

**(Breach of Contract against Navarro, Klein and Bahner)**

74.     In response to paragraph 74 of the Complaint, Defendants incorporate by reference each of its responses to the reasserted allegations.

75.     In response to paragraph 75 of the Complaint, Defendants admit that Navarro and Klein signed the "Employee Non-Solicitation, Inventions, & Confidentiality Agreement" in connection with their employment with BakeMark, copies of which are attached to the Complaint as Exhibits A and B.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

76.     In response to paragraph 76 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

77.     In response to paragraph 77 of the Complaint, Defendants deny that Defendants breached any terms of the "Employee Non-Solicitation, Inventions, & Confidentiality Agreement."  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**DEFENDANTS JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK USA, LLC'S COMPLAINT**

5046500.1 -- B6228.3

to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

78.   In response to paragraph 78 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

79.   In response to paragraph 79 of the Complaint, Defendants deny the allegations that pertain to any alleged conduct of Defendants.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

80.   In response to paragraph 80 of the Complaint, Defendants deny the allegations that pertain to any alleged conduct of Defendants.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

81.   In response to paragraph 81 of the Complaint, Defendants deny the allegations that pertain to any alleged conduct of Defendants.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

82.   In response to paragraph 82 of the Complaint, Defendants deny the allegations.

83.   In response to paragraph 83 of the Complaint, Defendants deny the allegations.

## COUNT III

### (Breach of Duty of Loyalty against Navarro, Klein and Bahner)

84.   In response to paragraph 84 of the Complaint, Defendants incorporate by reference each of its responses to the reasserted allegations.

85.     In response to paragraph 85 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

86.     In response to paragraph 86 of the Complaint, Defendants deny the allegations that pertain to any alleged conduct of Defendants.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

87.     In response to paragraph 87 of the Complaint, Defendants deny the allegations.

88.     In response to paragraph 88 of the Complaint, Defendants deny the allegations.

## COUNT IV

### (Breach of Fiduciary Duty against Navarro, Klein and Bahner)

89.     In response to paragraph 89 of the Complaint, Defendants incorporate by reference each of its responses to the reasserted allegations.

90.     In response to paragraph 90 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

91.     In response to paragraph 91 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

92.     In response to paragraph 92 of the Complaint, Defendants deny the allegations that pertain to any alleged conduct of Defendants.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

93.     In response to paragraph 93 of the Complaint, Defendants deny the

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1   allegations.

2      94.    In response to paragraph 94 of the Complaint, Defendants deny the

3   allegations.

4                                   **<u>COUNT V</u>**

5   **(Violation of California Business and Professions Code § 17200 Against All**

6                                   **Defendants)**

7      95.    In response to paragraph 95 of the Complaint, Defendants incorporate by

8   reference each of its responses to the reasserted allegations.

9      96.    In response to paragraph 96 of the Complaint, Defendants deny the

10  allegations.

11     97.    In response to paragraph 97 of the Complaint, Defendants deny the

12  allegations.

13     98.    In response to paragraph 98 of the Complaint, Defendants deny the

14  allegations.

15     99.    In response to paragraph 99 of the Complaint, Defendants deny the

16  allegations that pertain to any alleged conduct of Defendants.  As to the remaining

17  allegations contained in said paragraph, Defendants lack knowledge and information

18  sufficient to form a belief as to the truth of these remaining allegations and therefore

19  denies each and every remaining allegation therein.

20     100.   In response to paragraph 100 of the Complaint, Defendants deny the

21  allegations as to Sunrise, but lacks knowledge and information sufficient to form a

22  belief as to the truth of the allegations contained in said paragraph and therefore

23  denies each and every allegation therein.

24     101.   In response to paragraph 101 of the Complaint, Defendants deny the

25  allegations.

26     102.   In response to paragraph 102 of the Complaint, Defendants deny the

27  allegations.

28  ///

5046500.1 -- B6228.3

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

## COUNT VI

## (Violation of California Business and Professions Code § 17200 Against All Defendants)

103.    In response to paragraph 103 of the Complaint, Defendants incorporate by reference each of its responses to the reasserted allegations.

104.    In response to paragraph 104 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

105.    In response to paragraph 105 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

106.    In response to paragraph 106 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

107.    In response to paragraph 107 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

108.    In response to paragraph 108 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies each and every allegation therein.

109.    In response to paragraph 109 of the Complaint, Defendants deny the allegations that pertain to any alleged conduct of Defendants.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

110.    In response to paragraph 110 of the Complaint, Defendants deny the allegations.

111.    In response to paragraph 111 of the Complaint, Defendants deny the

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

DEFENDANTS JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK USA, LLC'S COMPLAINT

1  allegations.

2  <u>**COUNT VII**</u>

3  **(Violation of California Penal Code § 502 Against Navarro, Klein and Bahner)**

4  112.   In response to paragraph 112 of the Complaint, Defendants incorporate

5  by reference each of its responses to the reasserted allegations.

6  113.   In response to paragraph 113 of the Complaint, Defendants lack

7  knowledge and information sufficient to form a belief as to the truth of the allegations

8  contained in said paragraph and therefore denies each and every allegation therein.

9  114.   In response to paragraph 114 of the Complaint, Defendants deny the

10  allegations that pertain to any alleged conduct of Defendants.  As to the remaining

11  allegations contained in said paragraph, Defendants lack knowledge and information

12  sufficient to form a belief as to the truth of these remaining allegations and therefore

13  denies each and every remaining allegation therein.

14  115.   In response to paragraph 115 of the Complaint, Defendants deny the

15  allegations that pertain to any alleged conduct of Defendants.  As to the remaining

16  allegations contained in said paragraph, Defendants lack knowledge and information

17  sufficient to form a belief as to the truth of these remaining allegations and therefore

18  denies each and every remaining allegation therein.

19  116.   In response to paragraph 116 of the Complaint, Defendants deny the

20  allegations that pertain to any alleged conduct of Defendants.  As to the remaining

21  allegations contained in said paragraph, Defendants lack knowledge and information

22  sufficient to form a belief as to the truth of these remaining allegations and therefore

23  denies each and every remaining allegation therein.

24  117.   In response to paragraph 117 of the Complaint, Defendants deny the

25  allegations.

26  118.   In response to paragraph 118 of the Complaint, Defendants deny the

27  allegations.

28  119.   In response to paragraph 119 of the Complaint, Defendants deny the

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**DEFENDANTS JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK USA, LLC'S COMPLAINT**

5046500.1 -- B6228.3

allegations.

## COUNT VIII

### (International Interference with Prospective Economic Relations Against Navarro, Klein and Bahner)

120.   In response to paragraph 120 of the Complaint, Defendants incorporate by reference each of its responses to the reasserted allegations

121.   In response to paragraph 121 of the Complaint, Defendants admit that BakeMark does have customers that have purchased supplies from BakeMark for a period of time that exceeds one year.  Klein admits that Polly's Pies and Hansen have purchased supplies from BakeMark.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

122.   In response to paragraph 122 of the Complaint, Defendants admit that they were aware of the existence of certain BakeMark customers as part of their job duties while employed by BakeMark.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

123.   In response to paragraph 123 of the Complaint, Defendants deny the allegations that pertain to any alleged conduct of Defendants.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore denies each and every remaining allegation therein.

124.   In response to paragraph 124 of the Complaint, Defendants deny the allegations that pertain to any alleged conduct of Defendants.  As to the remaining allegations contained in said paragraph, Defendants lack knowledge and information sufficient to form a belief as to the truth of these remaining allegations and therefore

**DEFENDANTS JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK USA, LLC'S COMPLAINT**

5046500.1 -- B6228.3

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1    denies each and every remaining allegation therein.

2        125.   In response to paragraph 125 of the Complaint, Defendants deny the
3    allegations.

4        126.   In response to paragraph 126 of the Complaint, Defendants deny the
5    allegations.

6        As separate and distinct affirmative defenses to the Complaint on file in this
7    action, Defendants allege as follows:

8                          **FIRST AFFIRMATIVE DEFENSE**
9                          **(FAILURE TO STATE A CLAIM)**

10       1.    Defendants alleges that the Complaint, and each and every cause of
11   action or purported cause of action contained therein, fails to state a claim for which
12   relief may be granted as to them.

13                         **SECOND AFFIRMATIVE DEFENSE**
14                               **(ESTOPPEL)**

15       2.    As and for a separate affirmative defense, Plaintiff is estoped from
16   asserting and/or recovering on any claims against Defendants by reason of Plaintiff's
17   own acts, omissions, and conduct.

18                         **THIRD AFFIRMATIVE DEFENSE**
19                          **(FAILURE TO MITIGATE)**

20       3.    As and for a separate affirmative defense, Plaintiff is barred from
21   recovering monetary damages from Defendants or any other relief against Defendants
22   to the extent Plaintiff failed to mitigate or reasonably attempt to mitigate its damages
23   as required by law.

24                         **FOURTH AFFIRMATIVE DEFENSE**
25                          **(FAIR COMPETITION)**

26       4.    As and for a separate affirmative defense, the Complaint, and/or each and
27   every claim contained therein, is barred on the basis that all acts of Defendants were
28   lawful and fair competition.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**DEFENDANTS JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK USA, LLC'S COMPLAINT**
5046500.1 -- B6228.3

## FIFTH AFFIRMATIVE DEFENSE
## (NO CONFIDENTIAL INFORMATION)

5.      As and for a separate affirmative defense, the Complaint, including each claim contained therein, is barred because there is no information entitled to trade secret protection in that any alleged "confidential information" is not confidential and is well-known and/or is readily ascertainable by proper means in the industry.

## SIXTH AFFIRMATIVE DEFENSE
## (NO INDEPENDENT ECONOMIC VALUE)

6.      As and for a separate affirmative defense, the Complaint, including each claim contained therein, is barred because any/all alleged trade secret/confidential information described in Plaintiff's Complaint has no independent economic value.

## SEVENTH AFFIRMATIVE DEFENSE
## (INDEPENDENT DERIVATION)

7.      As and for a separate affirmative defense, the Complaint, including each claim contained therein, is barred because any/all alleged trade secret/confidential information described in Plaintiff's Complaint was independently derived by proper means.

## EIGHTH AFFIRMATIVE DEFENSE
## (NO UNLAWFUL CONDUCT)

8.      As and for a separate affirmative defense, the Complaint, and/or each and every purported claim contained therein, is barred because any act or practice complained of and alleged to be unlawful is not unlawful.

## NINTH AFFIRMATIVE DEFENSE
## (NO DAMAGES)

9.      As and for a separate affirmative defense, the Complaint, including each claim contained therein, is barred because Plaintiff has not suffered, and has not properly pleaded, damages as a result of the conduct alleged in the Complaint.

///

DEFENDANTS JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK USA, LLC'S COMPLAINT

5046500.1 -- B6228.3

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1

2

## TENTH AFFIRMATIVE DEFENSE

## (UNCLEAN HANDS)

3      10.      As and for a separate affirmative defense, Defendants allege that, by

4  reason of its own conduct, Plaintiff is barred by the doctrine of unclean hands.

5

6

## ELEVENTH AFFIRMATIVE DEFENSE

## (WAIVER)

7      11.      As and for a separate affirmative defense, Defendants allege that the

8  Complaint, and each and every cause of action or purported cause of action contained

9  therein, are barred by the doctrine of waiver, including, but not limited to, the fact

10  Plaintiff's alleged trade secrets were not kept secret or safeguarded in a proper

11  manner.

12

13

## TWELFTH AFFIRMATIVE DEFENSE

## (RATIFICATION)

14      12.      As and for a separate affirmative defense, Defendants allege that the

15  Complaint is barred in whole or in part because Plaintiff ratified whatever actions

16  Defendants took or allegedly failed to take.

17

18

## THIRTEENTH AFFIRMATIVE DEFENSE

## (JUSTIFICATION/PRIVILEGE)

19      13.      As and for a separate affirmative defense, Defendant alleges that the

20  actions as alleged in the Complaint were at all times reasonable, justified or otherwise

21  privileged.

22

23

## FOURTEENTH AFFIRMATIVE DEFENSE

## (NO INJURY IN FACT)

24      14.      As and for a separate affirmative defense, Defendants allege that Plaintiff

25  has no standing to sue under Business and Professions Code section 17200 because

26  Plaintiff has suffered no injury in fact.

27  ///

28  ///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

DEFENDANTS JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK
USA, LLC'S COMPLAINT

5046500.1 -- B6228.3

## FIFTEENTH AFFIRMATIVE DEFENSE
## (IMPROPER RESTRICTIVE COVENANT )

15.     As and for a separate affirmative defense, Defendants allege that the underlying agreements that are the subject of this lawsuit are void because said agreement impose an improper restrictive covenant in violation of Business and Professions Code section 16600.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (NO FIDUCIARY DUTY)

16.     Plaintiff cannot state a claim for breach of fiduciary duty against Defendants because Defendants do not owe a fiduciary duty to Plaintiff

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (OFFSET)

17.     The Complaint, and/or each and every cause of action contained therein, is barred, in whole or part, by virtue of offsets to which Defendants are entitled by way of any wrongful conduct of Plaintiff or other third parties

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (RIGHT TO AMEND ANSWER)

18.     Defendants presently have insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses.  Defendants therefore reserves the right to assert additional affirmative defenses in the event discovery, investigation or further proceedings indicate such defenses would be appropriate.

///
///
///
///
///
///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

DEFENDANTS JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK
USA, LLC'S COMPLAINT
5046500.1 -- B6228.3

1

**DEMAND FOR JURY TRIAL**

2        Defendant hereby demands trial by Jury.

3

4    DATED:  April 15, 2021                    ALVARADOSMITH
                                              A Professional Corporation
5

6                                             By:   /s/ Theodore E. Bacon
                                                    THEODORE E. BACON
7                                                   JACOB M. CLARK
                                                    Attorneys for  Defendants
8                                                   JAVIER NAVARRO and JEFFREY
                                                    KLEIN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

**DEFENDANTS JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK USA, LLC'S COMPLAINT**

5046500.1 -- B6228.3

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **AlvaradoSmith, 633 W. Fifth Street, Suite 900, Los Angeles, CA 90071**.

On April 15, 2021, I served the following document(s) on the interested parties in this action:

DEFENDANTS  JAVIER NAVARRO'S AND JEFFREY KLEIN'S ANSWER TO PLAINTIFF BAKEMARK USA, LLC'S  COMPLAINT

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

## SEE ATTACHED SERVICE LIST

☒ **BY CM/ECF SYSTEM:**  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

☐ **BY OVERNIGHT MAIL:**  I deposited such documents at the Overnite Express or FedEx Drop Box located at 633 W. Fifth Street, Los Angeles, California 90071.  The envelope was deposited with delivery fees thereon fully prepaid.

☒ **BY REGULAR MAIL:** I placed such envelope with postage thereon fully paid in the United States mail at Los Angeles, California.  I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing.  It is deposited with U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on April 15, 2021, at Los Angeles, California.

Belinda Slack

5043993.1 -- B6228.3

## SERVICE LIST

*BakeMark USA, LLC v. Navarro, et al.*
USDC Case No. 2:21-cv-02499-JAK-AGR

| | |
|---|---|
| ***VIA CM/ECF***<br>Thomas R. Dee<br>VEDDER PRICE, P.C.<br>222 North LaSalle Street<br>Chicago, IL 60601<br>Tel. (312) 609-7500<br>Fax, (312) 609-5005<br><br>E-mail: tdee@vedderprice.com | Attorney for Plaintiff<br>BakeMark USA, LLC |
| ***VIA CM/ECF***<br>Deborah A. Hedley<br>VEDDER PRICE, P.C.<br>1925 Century Park East<br>Suite 1900<br>Los Angeles, CA 90067<br>Tel. (424) 204-7700<br>Fax. (424) 204-7702<br><br>E-mail: dhedley@vedderprice.com | Attorney for Plaintiff<br>BakeMark USA, LLC |
| ***VIA CM/ECF***<br>Jeff Katofsky<br>LAW OFFICES OF JEFF KATOFSKY<br>4558 Sherman Oaks Avenue<br>Sherman Oaks, CA 91403<br>Tel: (818) 990-1475<br><br>E-mail: jeff@oremowlz.com | Attorneys for Defendants<br>Capitol Distribution Company, LLC<br>and Gary Hardgrove |
| ***VIA U.S. MAIL***<br>Gary K. Salomons<br>SALOMONS LAW GROUP<br>4558 Sherman Oaks Avenue<br>Sherman Oaks, CA 91403<br>Tel: (818) 304-8440 | Attorneys for Defendants<br>Capitol Distribution Company, LLC<br>and Gary Hardgrove |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**CERTIFICATE OF SERVICE**