Gary K. Salomons, SBN 126280
SALOMONS LAW GROUP
4558 Sherman Oaks Avenue
Sherman Oaks, CA 91403
Telephone: (818) 304-8440

Jeff Katofsky, Esq., SBN 138773
LAW OFFICES OF JEFF KATOFSKY
4558 Sherman Oaks Avenue
Sherman Oaks, CA 91403
Telephone: (818) 990-1475

Attorney Defendants,
CAPITOL DISTRIBUTION COMPANY, LLC
and GARY HARDGROVE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA –WESTERN DIVISION

| | |
|---|---|
| BAKEMARK USA, LLC, | Case No. 2:21-cv-2499 |
| Plaintiff, | |
| v. | **DEFENDANTS GARY HARDGROVE'S AND CAPITOL DISTRIBUTION COMPANY, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| JAVIER NAVARRO, JEFFREY KLEIN, ROY BAHNER, GARY HARDGROVE, CAPITOL DISTRIBUTION COMPANY, LLC, d/b/a CAPITOL FOOD CO., and SUNRISE FOOD SERVICE, INC., | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Comes now, Defendants GARY HARDGROVE and CAPITOL DISTRIBUTION COMPANY, LLC, a California Limited Liability Company d/d/a/ CAPITOL FOOD CO. (hereinafter referred to as "These Answering Defendants"),

1  appearing for themselves alone, and for no other Defendants, hereby answers and
2  alleges in response to Plaintiff's First Amended Complaint as follows:

3  ## INTRODUCTION

4  1.     These Answering Defendants lack information and belief sufficient to
5  enable These Answering Defendants to answer the allegations contained in paragraph
6  1 of the First Amended Complaint, and on that basis, deny each and every allegation
7  thereof.

8  2.     These Answering Defendants lack information and belief sufficient to
9  enable These Answering Defendants to answer the allegations contained in paragraph
10  2 of the First Amended Complaint, and on that basis, deny each and every allegation
11  thereof.

12  3.     These Answering Defendants lack information and belief sufficient to
13  enable These Answering Defendants to answer the allegations contained in paragraph
14  3 of the First Amended Complaint, and on that basis, deny each and every allegation
15  thereof.

16  4.     These Answering Defendants lack information and belief sufficient to
17  enable These Answering Defendants to answer the allegations contained in paragraph
18  4 of the First Amended Complaint, and on that basis, deny each and every allegation
19  thereof.

20  5.     These Answering Defendants lack information and belief sufficient to
21  enable These Answering Defendants to answer the allegations contained in paragraph
22  5 of the First Amended Complaint, and on that basis, deny each and every allegation
23  thereof.

24  ## THE PARTIES

25  6.     These Answering Defendants lack information and belief sufficient to
26  enable These Answering Defendants to answer the allegations contained in paragraph
27  6 of the First Amended Complaint, and on that basis, deny each and every allegation
28  thereof.

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

7.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 7 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

8.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 8 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

9.     These Answering Defendants admit the allegations contained in paragraph 9 of the First Amended Complaint.

10.    These Answering Defendants admit the allegations contained in paragraph 10 of the First Amended Complaint.

11.    These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 11 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

12.    These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 12 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

13.    These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 13 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

14.    These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 14 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

15. These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 15 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

## JURISDICTION AND VENUE

16. These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 16 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

17. These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 17 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

18. These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 18 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

19. These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 19 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

## FACTUAL BACKGROUND

### -BakeMark's Business-

20. These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 20 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

21.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 21 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

### -BakeMark's Trade Secrets

22.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 22 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

23.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 23 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

24.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 24 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

25.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 25 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

### -Wayward Employees/Former Employees Hold High-Ranking Positions At Bakemark's Pico Rivera HQ-

26.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 26 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

27.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 27 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

28.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 28 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

29.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 29 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

30.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 30 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

31.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 31 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

32.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 32 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

33.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 33 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

34.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 34 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

35.     These Answering Defendants admit the allegations contained in paragraph 35 of the First Amended Complaint

36.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 36 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

**-The Employees' Non-Solicitation, Inventions & Confidentiality Agreement-**

37.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 37 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

38.     These Answering Defendants allege that any Agreements referred to in paragraph 38 of the First Amended Complaint speak for themselves, and to the extent Plaintiff has accurately quoted terms of said Agreements, These Answering Defendants admit said Agreements have been accurately recited. Except as expressly admitted, These Answering Defendants deny each and every other allegation contained in paragraph 38 of the First Amended Complaint.

39.     These Answering Defendants allege that any Agreements referred to in paragraph 39 of the First Amended Complaint speak for themselves, and to the extent Plaintiff has accurately quoted terms of said Agreements, These Answering Defendants admit said Agreements have been accurately recited. Except as expressly admitted, These Answering Defendants deny each and every other allegation contained in paragraph 39 of the First Amended Complaint.

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

40.     These Answering Defendants allege that any Agreements referred to in paragraph 40 of the First Amended Complaint speak for themselves, and to the extent Plaintiff has accurately quoted terms of said Agreements, These Answering Defendants admit said Agreements have been accurately recited. Except as expressly admitted, These Answering Defendants deny each and every other allegation contained in paragraph 40 of the First Amended Complaint.

41.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 41 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

42.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 42 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

43.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 43 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

**-Navarro, Klein and Bahner Plot to Compete with BakeMark While Still Employed, Including by Soliciting Current Employees to Work for Competitor-**

44.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 44 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

45.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph

45 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

46.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 46 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

47.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 47 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

48.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 48 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

49.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 49 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

50.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 50 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

51.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 51 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

52.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph

1   52 of the First Amended Complaint, and on that basis, deny each and every allegation

2   thereof.

3   **-Navarro, Klein and Bahner Steal BakeMark's Information-**

4   53.    These Answering Defendants lack information and belief sufficient to

5   enable These Answering Defendants to answer the allegations contained in paragraph

6   53 of the First Amended Complaint, and on that basis, deny each and every allegation

7   thereof.

8   54.    These Answering Defendants lack information and belief sufficient to

9   enable These Answering Defendants to answer the allegations contained in paragraph

10  54 of the First Amended Complaint, and on that basis, deny each and every allegation

11  thereof.

12  55.    These Answering Defendants lack information and belief sufficient to

13  enable These Answering Defendants to answer the allegations contained in paragraph

14  55 of the First Amended Complaint, and on that basis, deny each and every allegation

15  thereof.

16  56.    These Answering Defendants lack information and belief sufficient to

17  enable These Answering Defendants to answer the allegations contained in paragraph

18  56 of the First Amended Complaint, and on that basis, deny each and every allegation

19  thereof.

20  **-Defendants Unfairly Compete with BakeMark, Using the Misapprorpriated**

21  **Trade Secret Materials-**

22  57.    These Answering Defendants lack information and belief sufficient to

23  enable These Answering Defendants to answer the allegations contained in paragraph

24  57 of the First Amended Complaint, and on that basis, deny each and every allegation

25  thereof.

26  58.    These Answering Defendants lack information and belief sufficient to

27  enable These Answering Defendants to answer the allegations contained in paragraph

28

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1  58 of the First Amended Complaint, and on that basis, deny each and every allegation
2  thereof.

3       59.     These Answering Defendants lack information and belief sufficient to
4  enable These Answering Defendants to answer the allegations contained in paragraph
5  59 of the First Amended Complaint, and on that basis, deny each and every allegation
6  thereof.

7  - **The Plot to Compete With BakeMark, Using BakeMark's Trade Secrets -**

8       60.     These Answering Defendants lack information and belief sufficient to
9  enable These Answering Defendants to answer the allegations contained in paragraph
10 60 of the First Amended Complaint, and on that basis, deny each and every allegation
11 thereof.

12      61.     These Answering Defendants lack information and belief sufficient to
13 enable These Answering Defendants to answer the allegations contained in paragraph
14 61 of the First Amended Complaint, and on that basis, deny each and every allegation
15 thereof.

16      62.     These Answering Defendants lack information and belief sufficient to
17 enable These Answering Defendants to answer the allegations contained in paragraph
18 62 of the First Amended Complaint, and on that basis, deny each and every allegation
19 thereof.

20      63.     These Answering Defendants deny the allegations contained in paragraph
21 63 of the First Amended Complaint.

22      64.     These Answering Defendants deny the allegations contained in paragraph
23 64 of the First Amended Complaint.

24      65.     These Answering Defendants lack information and belief sufficient to
25 enable These Answering Defendants to answer the allegations contained in paragraph
26 65 of the First Amended Complaint, and on that basis, deny each and every allegation
27 thereof.

28

66.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 66 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

67.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 67 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

68.     These Answering Defendants deny the allegations contained in paragraph 68 of the First Amended Complaint.

69.     These Answering Defendants deny the allegations contained in paragraph 69 of the First Amended Complaint.

70.     These Answering Defendants deny the allegations contained in paragraph 70 the First Amended Complaint.

71.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 71 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

72.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 72 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

73.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 73 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

74.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph

74 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

75.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 75 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

76.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 76 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

77.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 77 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

78.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 78 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

79.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 79 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

80.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 80 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

81.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph

1 | 81 of the First Amended Complaint, and on that basis, deny each and every allegation
2 | thereof.

3 |      82.    These Answering Defendants lack information and belief sufficient to
4 | enable These Answering Defendants to answer the allegations contained in paragraph
5 | 82 of the First Amended Complaint, and on that basis, deny each and every allegation
6 | thereof.

7 |      83.    These Answering Defendants lack information and belief sufficient to
8 | enable These Answering Defendants to answer the allegations contained in paragraph
9 | 83 of the First Amended Complaint, and on that basis, deny each and every allegation
10 | thereof.

11 |      84.    These Answering Defendants lack information and belief sufficient to
12 | enable These Answering Defendants to answer the allegations contained in paragraph
13 | 84 of the First Amended Complaint, and on that basis, deny each and every allegation
14 | thereof.

### -Defendants are Unfairly Competing with BakeMark Using Trade Secrets Taken from BakeMark

17 |      85.    These Answering Defendants lack information and belief sufficient to
18 | enable These Answering Defendants to answer the allegations contained in paragraph
19 | 85 of the First Amended Complaint, and on that basis, deny each and every allegation
20 | thereof.

21 |      86.    These Answering Defendants lack information and belief sufficient to
22 | enable These Answering Defendants to answer the allegations contained in paragraph
23 | 86 of the First Amended Complaint, and on that basis, deny each and every allegation
24 | thereof.

25 |      87.    These Answering Defendants lack information and belief sufficient to
26 | enable These Answering Defendants to answer the allegations contained in paragraph
27 | 87 of the First Amended Complaint, and on that basis, deny each and every allegation
28 | thereof.

88.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 88 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

89.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 89 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

## COUNT 1

### (Violation of Defend Trade Secrets Action 18 U.S.C. § 1836

### Against All Defendants)

90.     These Answering Defendants incorporate, by this reference, their responses to the allegations stated above of the First Amended Complaint, as if set forth in full.

91.     These Answering Defendants deny the allegations contained in paragraph 91 of the First Amended Complaint.

92.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 92 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

93.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 93 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

94.     These Answering Defendants deny the allegations contained in paragraph 94 of the First Amended Complaint.

95.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

95 of the First Amended Complaint, and on that basis, denies each and every allegation thereof.

96.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 96 of the First Amended Complaint, and on that basis, denies each and every allegation thereof.

97.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 97 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

98.     These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 98 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

99.     These Answering Defendants deny the allegations contained in paragraph 99 of the First Amended Complaint.

100.    These Answering Defendants deny the allegations contained in paragraph 100 of the First Amended Complaint.

101.    These Answering Defendants deny the allegations contained in paragraph 101 of the First Amended Complaint.

102.    These Answering Defendants deny the allegations contained in paragraph 102 of the First Amended Complaint.

103.    These Answering Defendants deny the allegations contained in paragraph 103 of the First Amended Complaint.

104.    These Answering Defendants deny the allegations contained in paragraph 104 of the First Amended Complaint.

## COUNT II

### (Breach of Contract Against Navarro and Klein)

105.  These Answering Defendants incorporate, by this reference, their responses to the allegations stated above of the First Amended Complaint, as if set forth in full.

106.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 106 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

107.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 107 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

108.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 108 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

109.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 109 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

110.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 110 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

111.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1  111 of the First Amended Complaint, and on that basis, deny each and every allegation
2  thereof.

3  112. These Answering Defendants lack information and belief sufficient to
4  enable These Answering Defendants to answer the allegations contained in paragraph
5  112 of the First Amended Complaint, and on that basis, deny each and every allegation
6  thereof.

7  ## COUNT III

8  ### (Breach of Duty of Loyalty Against Navarro and Klein)

9  113. These Answering Defendants incorporate, by this reference, their
10  responses to the allegations stated above of the First Amended Complaint, as if set
11  forth in full.

12  114. These Answering Defendants lack information and belief sufficient to
13  enable These Answering Defendants to answer the allegations contained in paragraph
14  114 of the First Amended Complaint, and on that basis, deny each and every allegation
15  thereof.

16  115. These Answering Defendants lack information and belief sufficient to
17  enable These Answering Defendants to answer the allegations contained in paragraph
18  115 of the First Amended Complaint, and on that basis, deny each and every allegation
19  thereof.

20  116. These Answering Defendants lack information and belief sufficient to
21  enable These Answering Defendants to answer the allegations contained in paragraph
22  116 of the First Amended Complaint, and on that basis, deny each and every allegation
23  thereof.

24  117. These Answering Defendants lack information and belief sufficient to
25  enable These Answering Defendants to answer the allegations contained in paragraph
26  117 of the First Amended Complaint, and on that basis, deny each and every allegation
27  thereof.

28

## COUNT IV

**(Breach of Duty of Loyalty against Navarro and Klein)**

118.   These Answering Defendants incorporate, by this reference, their responses to the allegations stated above of the First Amended Complaint, as if set forth in full.

119.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 119 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

120.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 120 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

121.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 121 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

122.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 121 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

123.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 123 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**COUNT V**

**(Violation of California Business and Professions Code §17200 Against Navarro, Klein, Mulloy, Hargrove, Capitol and Sunrise)**

124.   These Answering Defendants incorporate, by this reference, its responses to the allegations stated above of the First Amended Complaint, as if set forth in full.

125.   These Answering Defendants deny the allegations contained in paragraph 125 of the First Amended Complaint.

126.   These Answering Defendants deny the allegations contained in paragraph 126 of the First Amended Complaint.

127.   These Answering Defendants deny the allegations contained in paragraph 127 of the First Amended Complaint.

128.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 128 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

129.   These Answering Defendants deny the allegations contained in paragraph 129 of the First Amended Complaint.

130.   These Answering Defendants deny the allegations contained in paragraph 130 of the First Amended Complaint.

131.   These Answering Defendants deny the allegations contained in paragraph 131 of the First Amended Complaint.

**COUNT VI**

**(Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030, Against Navarro and Klein)**

132.   These Answering Defendants incorporate, by this reference, its responses to the allegations stated above of the First Amended Complaint, as if set forth in full.

133.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph

133 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

134.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 134 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

135.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 135 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

136.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 136 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

137.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 137 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

138.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 138 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

139.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 139 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

140.  These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

140 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

## COUNT VII

### (Violation of California Penal Code §592 Against Navarro and Klein)

141.   These Answering Defendants incorporate, by this reference, its responses to the allegations stated above of the First Amended Complaint, as if set forth in full.

142.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 142 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

143.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 142 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

144.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 144 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

145.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 145 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

146.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 146 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

147.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1   147 of the First Amended Complaint, and on that basis, deny each and every allegation
2   thereof.

3       148.   These Answering Defendants lack information and belief sufficient to
4   enable These Answering Defendants to answer the allegations contained in paragraph
5   148 of the First Amended Complaint, and on that basis, deny each and every allegation
6   thereof.

7                                    **COUNT VIII**

8   **(Intentional Interference with Prospective Economic Advantage Against**
9                         **Navarro, Klein and Sunrise)**

10      149.   These Answering Defendants incorporate, by this reference, its responses
11  to the allegations stated above of the First Amended Complaint, as if set forth in full.

12      150.   These Answering Defendants lack information and belief sufficient to
13  enable These Answering Defendants to answer the allegations contained in paragraph
14  150 of the First Amended Complaint, and on that basis, deny each and every allegation
15  thereof.

16      151.   These Answering Defendants lack information and belief sufficient to
17  enable These Answering Defendants to answer the allegations contained in paragraph
18  151 of the First Amended Complaint, and on that basis, deny each and every allegation
19  thereof.

20      152.   These Answering Defendants lack information and belief sufficient to
21  enable These Answering Defendants to answer the allegations contained in paragraph
22  152 of the First Amended Complaint, and on that basis, deny each and every allegation
23  thereof.

24      153.   These Answering Defendants lack information and belief sufficient to
25  enable These Answering Defendants to answer the allegations contained in paragraph
26  153 of the First Amended Complaint, and on that basis, deny each and every allegation
27  thereof.

28

154.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 154 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

155.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 155 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

## COUNT IX

### (Breach of Contract Against Malloy)

156.   These Answering Defendants incorporate, by this reference, their responses to the allegations stated above of the First Amended Complaint, as if set forth in full.

157.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 157 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

158.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 158 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

159.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 159 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

160.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

160 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

161.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 161 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

162.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 162 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

163.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 163 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

## COUNT X

### (Breach of Contract Against Altavilla)

164.   These Answering Defendants incorporate, by this reference, their responses to the allegations stated above of the First Amended Complaint, as if set forth in full.

165.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 165 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

166.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 166 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

167.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 167 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

168.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 168 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

169.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 169 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

170.   These Answering Defendants lack information and belief sufficient to enable These Answering Defendants to answer the allegations contained in paragraph 162 of the First Amended Complaint, and on that basis, deny each and every allegation thereof.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim For Relief)

1.   As a first, separate and distinct affirmative defense, These Answering Defendants allege that the First Amended Complaint, and each cause of action set forth therein, fails to set forth sufficient facts to constitute a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

(Fair Competition)

2.   As a second, separate and distinct affirmative defense, These Answering Defendants allege that the Plaintiff's claim for misappropriation of trade secrets is barred, in whole or in part, because Defendants' alleged conduct constitutes fair competition.

## THIRD AFFIRMATIVE DEFENSE

(No Trade Secrets)

3.     As a third, separate and distinct affirmative defense, These Answering Defendants allege Plaintiff's claim for misappropriation of trade secrets is barred, in whole or in part, because any information allegedly misappropriated does not constitute trade secrets as defined by 18 U.S.C. §1836, and/or was known or readily available to the relevant industry and/or by persons who could obtain economic benefit from the information and/or was in the public domain, and/or the First Amended Complaint does not describe the allegedly misappropriated information with sufficient particularity.

## FOURTH AFFIRMATIVE DEFENSE

(No Confidential Information)

4.     As a fourth, separate and distinct affirmative defense, These Answering Defendants allege Plaintiff's claim for misappropriation of trade secrets is barred, in whole or in part, because the alleged trade secrets and confidential information were known by or readily available to the relevant industry and by persons who could obtain economic benefit from the information and were in the public domain.

## FIFTH AFFIRMATIVE DEFENSE

(No Misappropriation)

5.     As a fifth, separate and distinct affirmative defense, These Answering Defendants allege Plaintiff's claim for misappropriation of trade secrets is barred, in whole or in part, because there was no misappropriation or use of improper means as defined in 18 U.S.C. §1836, et seq.

## SIXTH AFFIRMATIVE DEFENSE

(Independent Development)

6.     As a sixth, separate and distinct affirmative defense, These Answering Defendants allege Plaintiff's claim for misappropriation of trade secrets is barred, in whole or in part, because any allegedly misappropriated material was not

misappropriated, and These Answering Defendants' business resulted from independent development and creation by These Answering Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Lack of Economic Value)

7.     As a seventh, separate and distinct affirmative defense, These Answering Defendants allege Plaintiff's claim for misappropriation of trade secrets is barred, in whole or in part, because the alleged trade secrets and confidential information did not have inherent economic value because of their alleged confidentiality.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Insufficient Steps to Protect)

8.     As an eighth separate and distinct affirmative defense, These Answering Defendants allege Plaintiff's claim for misappropriation of trade secrets is barred, in whole or in part, because Plaintiff failed to take sufficient steps to ensure the confidentiality of the alleged trade secrets and confidential information referenced in the First Amended Complaint.

### NINTH AFFIRMATIVE DEFENSE

#### (Information is not Plaintiffs)

9.     As a ninth separate and distinct affirmative defense, These Answering Defendants allege that Plaintiff's claim for misappropriation of trade secrets is barred, in whole or in part, because the alleged trade secrets or other information that Defendants are alleged to have misappropriated was not owned, developed, or lawfully obtained, or sufficiently protected or maintained, by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

#### (No Injury or Damage)

10.     As a tenth, separate and distinct affirmative defense, These Answering Defendants allege that Plaintiff's claim for misappropriation of trade secrets is barred, in whole or in part, because Plaintiff has not been injured or damaged as a proximate result of any act or omission of These Answering Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

11.   As an eleventh separate and distinct affirmative defense, These Answering Defendants allege that Plaintiff's alleged damages are too speculative and remote to serve as a legal basis for any recovery.

## TWELFTH AFFIRMATIVE DEFENSE

(No Substantial Factor in Damages)

12.   As a twelfth, separate and distinct affirmative defense, These Answering Defendants allege that although the existence of the damages alleged by Plaintiff are not admitted hereby or herein, Plaintiff's claim for misappropriation of trade secrets is barred, in whole or in part, because no alleged wrongful act or omission of These Answering Defendants was a substantial factor in bringing about the alleged damages of Plaintiff, nor was any alleged act or omission a contributing cause thereof. Any alleged acts or omissions of These Answering Defendants were superseded by the acts or omissions of others, including Plaintiff, or other individuals or entities whether or not named as defendants in the First Amended Complaint, which were the independent, interviewing, and proximate causes of damage or loss allegedly sustained by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

13.   As a thirteenth, separate and distinct affirmative defense, These Answering Defendants Plaintiff's claim for misappropriation of trade secrets is barred, in whole or in part, because Plaintiff is estopped by its own conduct to claim any right to damages or other monetary relief, or any additional damages or other monetary relief, from These Answering Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

14.     As a fourteenth, separate and distinct affirmative defense, These Answering Defendants allege Plaintiff's claim for misappropriation of trade secrets is barred, in whole or in part, by Plaintiff's unclean hands and/or inequitable or wrongful conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

(No Entitlement to Attorneys' Fees)

15.     As a fifteenth, separate and distinct affirmative defense, These Answering Defendants allege Plaintiff's claim for misappropriation of trade secrets fails to state sufficient facts to constitute a basis for an award of attorneys' fees.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

16.     As an sixteenth, separate and distinct affirmative defense, These Answering Defendants allege to the extent Plaintiff has sustained damages, which These Answering Defendants expressly deny, Plaintiff has contributed in a direct and proximate manner to such damages by failing to act reasonably and prudently to mitigate those damages. Plaintiff's damages, if any, must be reduced by the extent to which those damages are proximately caused by Plaintiff's failure to mitigate such damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(No Causation and/or Superseding Cause)

17.     As an seventeenth, separate and distinct affirmative defense, These Answering Defendants allege Plaintiff's claim for trade secret misappropriation is barred, in whole or in part, because Plaintiff suffered no damages as a result of the claims alleged or, if it did, those damages were not directly or proximately caused by These Answering Defendants, and/or are attributable to independent and superseding

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

causes, which causes and damages, if any, were not reasonably foreseeable by These Answering Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

18.     As a eighteenth separate and distinct affirmative defense, These Answering Defendants are informed and believe and on that basis allege that there may be additional defenses available to These Answering Defendants, which are not now fully known and of which they are not now aware. As a non-limiting example, the First Amended Complaint does not describe the claims or events with sufficient particularity to permit These Answering Defendants to fully ascertain what other defenses may exist. These Answering Defendants reserve the right to raise additional defenses once such additional defenses have been ascertained.

## PRAYER FOR RELIEF

**WHEREFORE,** These Answering Defendants pray for judgment from this Court as follows:

1. Plaintiffs take nothing by this action;

2. That the First Amended Complaint be dismissed in lieu of state court action already pending;

3. That the First Amended Complaint be dismissed with prejudice and the judgment entered against Plaintiff and in These Answering Defendants' favor on each of the causes of action;

///
///
///
///
///
///
///

-31-

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1   4. That These Answering Defendants be awarded its costs of suit;

2   5. For such other and further relief as the Court deems proper and just.

3

4 Dated: May 27, 2021     SALOMONS LAW GROUP

5

6            By: _____

7              GARY K. SALOMONS

               Attorneys for Defendants

8              CAPITOL DISTRUBITION

               COMPANY, LLC and GARY

9              HARDGROVE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1

## DEMAND FOR JURY TRIAL

2

3      Capitol Distribution Company, LLC and Gary Hardgrove hereby demand a trial

4  by jury pursuant to Fed.R.Civ.P. 38(b) on all issues so triable.

5

6  Dated: May 27, 2021                    SALOMONS LAW GROUP

7

8                                         By: _____

9                                             GARY K. SALOMONS
                                              Attorneys for Defendants
10                                            CAPITOL DISTRUBITION
                                              COMPANY, LLC and GARY
11                                            HARDGROVE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 4558 Sherman Oaks Avenue, Sherman Oaks, California 91403.

On May 27, 2021, I served the following document(s) on the interested parties in the action:

## DEFENDANTS GARY HARDGROVE'S AND CAPITOL DISTRIBUTION COMPANY, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

on the following interested parties:

**Thomas R. Dee, Esq.**
**Vedder Price, PC**
**222 North LaSalle Street**
**Chicago, IL  60601**

**Deborah A. Hedley, Esq.**
**Vedder Price PC**
**1925 Century Park East, Suite 1900**
**Los Angeles, CA  90067**

**Theodore E. Bacon, Esq.**
**AlvaradoSmith**
**633 W. Fifth Street, Suite 900**
**Los Angeles, CA  90071**

**James Turken, Esq.**
**Norton Rose Fulbright US LLP**
**555 South Flower Street, 41st Floor**
**Los Angeles, California 90071**
**e-mail: james.turken@nortonrosefulbright.com**

<u>XXX</u> (BY CM/ECF) Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

<u>XXX</u> (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on May 27, 2021, at Sherman Oaks, California.

JUDY GROVES

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT