| | |
|---|---|
| **VEDDER PRICE P.C.**<br>Thomas R. Dee (admitted *pro hac vice*)<br>tdee@vedderprice.com<br>Cody Libman (admitted *pro hac vice*)<br>clibman@vedderprice.com<br>222 North LaSalle Street<br>Chicago, Illinois 60601<br>T: +1 312 609 7500<br>F: +1 312 609 5005<br><br>**VEDDER PRICE (CA), LLP**<br>Deborah A. Hedley, Bar No. 276826<br>dhedley@vedderprice.com<br>1925 Century Park East, Suite 1900<br>Los Angeles, California 90067<br>T: +1 424 204 7700<br>F: +1 424 204 7702<br><br>Attorneys for Plaintiff<br>BAKEMARK USA, LLC<br><br>**ALVARADO SMITH**<br>A Professional Corporation<br>Theodore E. Bacon, Bar No. 115395<br>tbacon@AlvaradoSmith.com<br>Jacob M. Clark, Bar No. 266630<br>jclark@AlvaradoSmith.com<br>1 MacArthur Place, Suite 200<br>Santa Ana, California 92707<br>T: +1 714 852 6800<br>F: +1 714 852 6899<br><br>Attorneys for Defendants<br>JAVIER NAVARRO, JEFFREY KLEIN,<br>SUNRISE FOOD SERVICE, INC and<br>BOYD MULLOY. | **SALOMONS LAW GROUP**<br>Gary K. Salomons, Bar No. 126280<br>4558 Sherman Oaks Avenue<br>Sherman Oaks, CA 91403<br>T: +1 818 304 8440<br><br>**LAW OFFICES OF JEFF KATOFSKY**<br>Jeff Katofsky, Esq., Bar No. 138773<br>4558 Sherman Oaks Avenue<br>Sherman Oaks, CA 91403<br>T: +1 818 304 8440<br><br>Attorney for Defendants<br>CAPITOL DISTRIBUTION<br>COMPANY, LLC and GARY<br>HARDGROVE |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKEMARK USA, LLC, a Delaware LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAVIER NAVARRO, an individual, | Case No. 2:21-cv-02499 JAK (AGR)<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER (MODIFIED)**<br><br>**[DISCOVERY MATTER]** |

| | |
|---|---|
| 1 | JEFFREY KLEIN, an individual, GARY HARDGROVE, an individual, |
| 2 | CAPITOL DISTRIBUTION COMPANY, LLC d/b/a CAPITOL |
| 3 | FOOD CO., a California limited liability company, SUNRISE FOOD SERVICE, |
| 4 | INC., a California corporation, BOYD MULLOY, an individual, THOMAS |
| 5 | ALTAVILLA, an individual, and DOES 1 through 50, inclusive, |
| 6 | |
| 7 | Defendants. |

## 1. A. **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of trade secret, confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, recipes, formulas, customer and pricing lists and other valuable research, development, commercial, financial, technical, confidential and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information,

information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. **DEFINITIONS**

    **2.1** **Action**:  this pending federal law suit.

    **2.2** **Challenging Party**:  a Party or Non-Party that challenges the designation of information or items under this Order.

    **2.3** **"CONFIDENTIAL" Information or Items**:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    **2.4** **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:** extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#51068054.4

**2.5** **Counsel**: Outside Counsel of Record and House Counsel (as well as their support staff).

**2.6** **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.7** **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.8** **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.9** **House Counsel**: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.10** **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.11** **Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

**2.12** **Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.13** **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**2.14** **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.15** **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.16** **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.** **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.** **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.** **DESIGNATING PROTECTED MATERIAL**

**5.1** **Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -    STIPULATED PROTECTIVE ORDER

VP/#51068054.4

material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2** **Manner and Timing of Designations**.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL legend"),  to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

Vedder Price (CA), LLP
Attorneys at Law
Los Angeles

VP/#51068054.4

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**5.3** **<u>Inadvertent Failures to Designate</u>**. If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES
VP/#51068054.4

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1 Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

**6.2 Meet and Confer**. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

**6.3** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1 Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2 Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#51068054.4

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court and its personnel;

    (e) court reporters and their staff;

    (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h) during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(c) the court and its personnel under seal with the appropriate requests to protect it from disclosure on the public record;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES
VP/#51068054.4

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by

Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

Vedder Price (CA), LLP
Attorneys at Law
Los Angeles

VP/#51068054.4

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence ("FRE") 502(d) and (e), the parties have reached an agreement on the effect of disclosure of a communication, document, or information covered by the attorney-client privilege or work product protection and incorporate their agreement in section 15 below (CLAWBACK AGREEMENT) of this Stipulated Protective Order.

**12. <u>MISCELLANEOUS</u>**

**12.1 <u>Right to Further Relief</u>**. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2 <u>Right to Assert Other Objections</u>**. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#51068054.4

**12.3 Filing Protected Material**. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

VP/#51068054.4

**14.** Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**15.** **CLAWBACK AGREEMENT**

Pursuant to FRE 502(d) and (e), the Parties agree to (and the Court orders) protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

If any party should inadvertently produce any Protected Material in response to a formal request for production and/or an order of the Court, and/or inadvertently fail to redact Protected Material not discoverable in this case, the recipient shall return such protected material to counsel for the Producing Party within twenty-four (24) hours of discovering or receiving notice of the inadvertent disclosure and/or failure to redact (or as soon as possible if it is not possible for the recipient to return such Protected Material within twenty-four (24) hours of discovering or receiving notice of the inadvertent disclosure and/or failure to redact), including all copies thereof, to the producing party, and shall make no use of the Protected Material for any purpose.

In the event parties produce "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY" information inadvertently not marked as such, the following provisions shall apply:

A. Production of documents subject to the work-product doctrine, the attorney-client privilege, the trade secret and proprietary business information privilege, or other legal privilege, rule or doctrine protecting information from discovery ("Privileged Documents") shall not constitute a waiver of the immunity

Vedder Price (CA), LLP
Attorneys at Law
Los Angeles
VP/#51068054.4

STIPULATED PROTECTIVE ORDER

or privilege either for the Privileged Documents or the subject matter (so-called "subject matter waiver").

B.  A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming Privileged Documents (a "clawback request").  After a clawback request is received, the receiving party shall immediately sequester the Privileged Documents (if not already sequestered) and shall not review or use that Privileged Document, or any work product containing information taken from that Privileged Document, for any purpose.  The parties shall meet and confer regarding any clawback request.

C.  If the parties agree or the Court determines that a document meets the definition of Privileged Documents, the receiving party shall return the Privileged Documents and all copies thereof, as well as all notes or other work product reflecting the contents of Privileged Documents to the producing party, and such returned Privileged Documents shall be deleted from any litigation-support file or database.  No use shall be made of such Privileged Documents during discovery or at trial nor shall they be disclosed to anyone who was not given access to them before the request to return and destroy them.

D.  If the receiving party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the receiving party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

E.  The production of Privileged Documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver

of the privilege or protection from discovery in this case or in any other federal or state proceeding.

      F.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 24, 2021       VEDDER PRICE (CA), LLP

By: */s/ Deborah A. Hedley*[1]
Deborah A. Hedley

Attorneys for Plaintiff
BAKEMARK USA, LLC

Dated: May 24, 2021       ALVARADO SMITH

By: */s/ Theodore E. Bacon*
Theodore E. Bacon

Attorneys for Defendants
JAVIER NAVARRO, JEFFREY KLEIN
SUNRISE FOOD SERVICE, INC., and
BOYD MULLOY

Dated: May 24, 2021       SALOMONS LAW GROUP

By: */s/ Gary K. Salomons*
Gary K. Salomons

Attorneys for Defendant
CAPITOL DISTRIBUTION COMPANY,
LLC and GARY HARDGROVE

---

[1] Filer attests that all other signatories listed and on whose behalf this stipulation is filed concur in the filing's content and have authorized the filing.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: June 1, 2021

*Alicia G. Rosenberg*
HONORABLE ALICIA G. ROSENBERG

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *BakeMark USA, LLC v. Javier Navarro, et al.*, Case No. 2:21-cv-02499 JAK (AGR). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name:_____

Signature:_____