JAMES TURKEN (BAR NO. 89618)
*james.turken@nortonrosefulbright.com*
JAYESH PATEL (BAR NO. 132939)
*jayesh.patel@nortonrosefulbright.com*
CHAKAMEH GANJI (BAR NO. 311720)
*chakameh.ganji@nortonrosefulbright.com*
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494

THOMAS R. DEE *(Admitted Pro Hac Vice)*
*tdee@vedderprice.com*
CODY D. LIBMAN *(Admitted Pro Hac Vice)*
*clibman@vedderprice.com*
**VEDDER PRICE P.C.**
222 North LaSalle Street
Chicago, Illinois 60601
Telephone: (312) 609 7500
Facsimile: (312) 609 5005

DEBORAH A. HEDLEY (SBN 276826)
*dhedley@vedderprice.com*
**VEDDER PRICE (CA), LLP**
1925 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (424) 204 7700
Facsimile: (424) 204 7702

***Attorneys for Plaintiff***
***BAKEMARK USA, LLC***

GARY K. SALOMONS (SBN 126280)
*gary@salomonslaw.com*
**SALOMONS LAW GROUP**
4558 Sherman Oaks Avenue
Sherman Oaks, CA 91403
Telephone: (818) 304-8440

JEFF KATOFSKY (SBN 138773)
*jeff@katofskylaw.com*
**LAW OFFICES OF JEFF KATOFSKY**
4558 Sherman Oaks Avenue, 2nd Floor
Sherman Oaks, CA 91403
Telephone: (818) 990-1475

***Attorney Defendants***
***CAPITOL DISTRIBUTION COMPANY, LLC***
***and GARY HARDGROVE***

THEODORE E. BACON (SBN. 115395)
*tbacon@AlvaradoSmith.com*
JACOB M. CLARK (SBN 266630)
*jclark@AlvaradoSmith.com*
**ALVARADOSMITH**
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Telephone: (714) 852-6800
Facsimile: (714) 852-6899

***Attorneys for Defendants***
***SUNRISE FOOD SERVICE, INC., JAVIER NAVARRO, JEFFREY KLEIN and BOYD MULLOY***

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BAKEMARK USA, LLC, a Delaware LLC,<br>Plaintiff,<br><br>v.<br><br>JAVIER NAVARRO, an individual, JEFFREY KLEIN, an individual, GARY HARDGROVE, an individual, CAPITOL DISTRIBUTION COMPANY, LLC d/b/a CAPITOL FOOD CO., a California limited liability company, SUNRISE FOOD SERVICE, | Case No. 2:21-cv-02499 JAK (AGR)<br><br>Hon. John A. Kronstadt<br>Hon. Alicia G. Rosenberg<br><br>**JOINT RULE 16(B)/26(F) REPORT**<br><br>Hearing: Under Submission / No Hearing |



DOCUMENT PREPARED ON RECYCLED PAPER

INC., a California corporation, BOYD MULLOY, an individual, THOMAS ALTAVILLA, an individual, and DOES 1 through 50, inclusive,

Defendants.

Complaint Filed: March 22, 2021

Pursuant to Federal Rule of Civil Procedure Rule 16(b) and Rule 26(f), Local Rule 26-1, and the Court's April 12, 2021 Order Setting Rule 16(b)/26(f) Scheduling Conference (Dkt. No. 54), Plaintiff BakeMark USA, LLC ("BakeMark"), Defendant Javier Navarro ("Navarro"), Defendant Jeffrey Klein ("Klein"), Defendant Gary Hardgrove ("Hardgrove"), Defendant Boyd Mulloy ("Mulloy"), Defendant Capitol Distribution Company, LLC ("Capitol"), and Defendant Sunrise Food Service, Inc. ("Sunrise")[1] (collectively, the "Parties") hereby submit this Joint Rule 16(b)/26(f) Report. The Parties conducted a meet and confer on these issues on June 10, 2021.

**A. Statement of the Case:**

**Plaintiff BakeMark:**

BakeMark is an industry-leading bakery supply company that manufactures and distributes a complete line of bakery mixes, fillings and icings, frozen goods, and flour, sugar and other baking supplies through its exclusive brands. BakeMark's secret recipes are the lynchpin of its enduring success. BakeMark also owns a variety of proprietary information related to its expertise in manufacturing, distribution, research & development, and in providing technical and marking support to bakeries across the United States. Over the course of its decades long business, BakeMark has proprietary databases that contain significant, confidential and detailed financial data for its entire customer base, including such information

[1] Defendant Thomas Altavilla ("Altavilla") was served with the Summons in this action on June 14, 2021 (Dkt. 85). Additionally, BakeMark removed Roy Bahner as a defendant in this action with the filing of its First Amended Complaint.



DOCUMENT PREPARED ON RECYCLED PAPER

as order history, margins, costs, pricing and other metrics valuable to servicing and selling to those customers.

Defendants Navarro, Klein, Hardgrove, Mulloy, and Altavilla are former employees of BakeMark. Defendant Sunrise is a competitor of BakeMark's that distributes a variety of food products, including bakery goods such as pre-mixes, bases, sugar, flour, icings, shortening, and yeast. Defendant Capitol is a competitor of BakeMark's that manufactures and sells bakery products, such as donut mixes.

BakeMark has recently learned that the individual Defendants, while employed by BakeMark, were working against BakeMark, apparently in cahoots with Capitol and Sunrise. Specifically, the individual Defendants have engaged in multiple unlawful acts on behalf of Sunrise and/or Capitol including, but not limited to, stealing BakeMark's trade secrets, confidential database information containing material customer order, cost and price histories and information, soliciting coworkers, plotting and taking actions to compete with, and undercut, BakeMark while employed by BakeMark, soliciting BakeMark's customers, and illegally bypassing BakeMark's system computer system safeguards to access BakeMark's proprietary information.

BakeMark filed this action to thwart any future harm to its business and operations that these rogue employees and competitors may seek to inflict upon BakeMark through their unlawful behavior.

**Defendants Capitol and Hardgrove:**

Capitol does not compete with BakeMark. Capitol does not solicit any prospective donut mix customers. Capitol does not have any salesperson selling donut mixes. Rather, the several donut mix customers that Capitol has specifically requested that Capitol make donut mixes for them.

Neither Capitol nor Gary Hardgrove are working in cahoots with Sunrise or any of the other defendants in this case. Rather, Capitol was approached by Boyd





DOCUMENT PREPARED ON RECYCLED PAPER

Mulloy who inquired about Capitol making donut mixes for an unidentified customer. Only later did Capitol learn Sunrise's identity.

Neither Capitol nor Gary Hardgrove have ever had possession of, access to, or seen, any of BakeMark's recipes or formulations. There is absolutely no evidence that either Capitol and/or Gary Hardgrove have ever had possession of, access to, or seen, any of BakeMark's recipes or formulations. Likewise, there is absolutely no evidence that any of the defendants in this case ever provided any BakeMark proprietary information to either Capitol and/or Gary Hardgrove.

To the contrary, Capitol purchased 4 donut mix formulations from a third party in 2017. As to the other Capitol donut mix formulations, Capitol has a research and development department comprised of food scientists who independently developed all Capitol donut mix formulations.

**Defendants Klein, Navarro, Mulloy, and Sunrise:**

Sunrise Food Services, Inc. ("Sunrise") is a wholesale food distributor, which offers a broad scope of traditional foodservice items with a focus on fresh foods and staples for bakeries. Boyd Mulloy, Javier Navarro and Jeff Klein ("individual defendants") are former employees of BakeMark. Sunrise hired Mulloy, Navarro, and Klein after they were all fired by BakeMark. (Sunrise and the individual defendants are referred to herein as the "Sunrise Defendants").

The Sunrise Defendants deny any wrongdoing. The Sunrise Defendants have used only publicly accessible information to lawfully compete with BakeMark in the sale of donut mixes. The individual defendants did not disclose or transfer to Sunrise any protectable BakeMark information they were privy to while employed at BakeMark, and certified as such to Sunrise prior to commencing employment. Sunrise obtained a list of potential donut mix customers from a third party vendor, so the Sunrise Defendants never needed nor used any BakeMark customer lists. Donut Mix customers freely disclose pricing of donut mix industry competitors, including pricing of BakeMark, so the Sunrise Defendants never obtained, needed



DOCUMENT PREPARED ON RECYCLED PAPER

nor used any BakeMark pricing information. Sunrise purchased pre-existing donut mixes from Defendant Capitol which Capitol owned or created independent of any BakeMark products, so the Sunrise Defendants never needed nor used any BakeMark recipes. Sunrise did not unlawfully solicit BakeMark employees and instead, posted job opportunities on the internet to which BakeMark employees responded.

BakeMark also has unclean hands as it has engaged in conduct designed to unfairly compete, by forcing its salespersons to violate COVID stay-at-home orders while its competitors comply with the pandemic rules and by engaging in a pattern and practice of filing meritless "trade secret" claims against former employees in order to squelch competition.

**B. Subject Matter Jurisdiction**

The Court has subject matter jurisdiction over this action pursuant to 18 U.S.C. § 1836 and 28 U.S.C. § 1331 because the Defend Trade Secrets Act and the Computer Fraud and Abuse Act present federal questions. The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same case or controversy.

**C. Legal Issues**

**Plaintiff BakeMark:**

BakeMark anticipates that its claims will raise the following issues:

1. Whether Defendants violated the Defend Trade Secrets Act, 18 U.S.C. § 1836;

2. Whether Defendants Navarro, Klein, Mulloy, and Altavilla breached their employment contracts with BakeMark by failing to hold BakeMark's Confidential Information in confidence;

3. Whether Defendants Navarro and Klein breached their duties of loyalty to BakeMark under California Labor Code Sections 2860 and 2863 and

under common law by engaging in conduct inimical to the best interests of BakeMark while employed by BakeMark;

4. Whether Defendants Navarro and Klein, as high-ranking managerial and director-level employees with special relationships of confidence with BakeMark, breached their fiduciary duties to BakeMark by engaging in conduct inimical to the best interests of BakeMark while employed by BakeMark;

5. Whether Defendants' unlawful and unfair conduct violated California & Professions Code §§ 17200, *et seq.*

6. Whether Defendants Navarro and Klein violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and Penal Code § 502 by impermissibly accessing BakeMark's computer systems;

7. Whether Defendants Navarro, Klein, and Sunrise intentionally and unlawfully interfered with BakeMark's customer relationships; and

8. Whether BakeMark is entitled to a preliminary and/or permanent injunction.

**Defendants Capitol and Hardgrove:**

1. Whether Capitol independently developed its donut mix formulations;

2. Whether Capitol independently purchased certain donut mix formulations from a third party;

3. Whether Capitol's conduct constitutes fair competition;

4. Whether there was a misappropriation of any of BakeMark's trade secrets;

5. Whether BakeMark's donut mix formulations constitute a protectable trade secret;

6. Whether BakeMark's donut mix formulations have inherent economic value;

7. Whether BakeMark has suffered any legal damage as a result of Defendants' conduct.

**Defendants Klein, Navarro, Mulloy, and Sunrise, additional legal issues:**

1. Whether Bakemark's restrictive covenants unlawfully restrict employee mobility. California Business & Professions Code §16600;

2. Whether BakeMark's claims are barred by the doctrine of unclean hands based on unfair Competition per California Business & Professions Code §17200, et seq.;

3. Whether Defendants Navarro and Klein had any fiduciary duty to BakeMark;

4. Whether BakeMark's claims are barred based on the doctrine of laches;

5. Whether BakeMark's actions are in bad faith such that the Sunrise Defendants are entitled to recovery of their fees and costs per Section 1836(B)(3)(D) of the DTSA.

**D. <u>Parties, and Non-Party Witnesses:</u>**

The parties to this action are Plaintiff BakeMark USA, LLC, Defendant Javier Navarro, Defendant Jeffrey Klein, Defendant Boyd Mulloy, Defendant Thomas Altavilla, Defendant Gary Hardgrove, Defendant Sunrise Food Service, Inc., and Defendant Capitol Distribution Company, LLC.

**Plaintiff BakeMark:**

At this time, BakeMark identifies the following percipient witnesses on the main issues in the case:

1. The Defendants
2. John Levi
3. Steve Kodo
4. Roy Bahner
5. Kim Munoz
6. Tony Chao
7. John Kupniewski

DOCUMENT PREPARED ON RECYCLED PAPER

8. Tony Marquez
9. Edmund Urias
10. Pablo Rizzo
11. Cesar Elguezabal
12. BakeMark customers having information related to BakeMark's claims
13. Capitol employees having information related to BakeMark's claims
14. Sunrise employees having information related to BakeMark's claims

**Defendants Capitol and Hardgrove:**

1. John Levi
2. Gary Hardgrove
3. Steve Kodo
4. Boyd Mulloy
5. Javier Navarro
6. Jeffrey Klein
7. Roy Bahner
8. Other Employees of Sunrise
9. Unknown Employees of BakeMark

**Defendants Klein, Navarro, Mulloy, and Sunrise additional potential witnesses:**

Unknown BakeMark employees.

**E. Damages:**

At this time, Plaintiff BakeMark will seek the following damages: lost sales and profits from illegal conduct including losses of revenues due to loss of customers; increased costs of labor and personnel causally linked to the misuse of confidential financial metrics.

**F. Insurance:**

BakeMark is not aware of insurance for Defendants at this stage.



DOCUMENT PREPARED ON RECYCLED PAPER

**G. Motions:**

BakeMark contemplates amending its pleadings and/or adding parties following the conclusion of expedited discovery. The Parties propose August 2, 2021 as the deadline for amending pleadings and/or adding parties.

**H. Manual for Complex Litigation:**

At this time, the Parties agree that the Manual for Complex Litigation should not be utilized.

**I. Status of Discovery:**

**1. Status of Expedited Discovery**

Pursuant to the Court's Order Re Joint Report Pursuant to Court's April 24, 2021 Order Re: Expedited Discovery and Preliminary Injunction Briefing (Dkt. 77) ("Expedited Discovery Order"), the Parties were given leave to: (i) propound a maximum of 10 Requests for Production and 10 Interrogatories to each/any of the Parties related to the claims/defenses implicated by BakeMark's Application for Temporary Restraining Order (Dkt. 32) and its intended Application for Preliminary Injunction; and (ii) depose a witness pursuant to Rule 30(b)(6) from each entity party, each individually named party, and/or persons who had submitted declaration in the action to date (limited in length to 2 hours per party/side). The Expedited Discovery Order set the following schedule:

- Deadline to propound written discovery requests – May 17, 2021
- Deadline to Notice Rule 30(b)(6) Depositions – May 24, 2021
- Deadline to submit Stipulated Protective Order – May 24, 2021
- Deadline to respond to written discovery requests – June 11, 2021
- Deadline for all depositions to occur – July 9, 2021
- BakeMark's supplemental briefing and evidence regarding request for preliminary injunction due – July 23, 2021
- Defendants' opposition briefing and evidence due – August 6, 2021
- BakeMark's reply briefing and evidence due – August 20, 2021

- Hearing on BakeMark's motion for preliminary injunction – August 30, 2021

Accordingly, the Parties timely propounded written discovery requests and timey noticed individual and Rule 30(b)(6) depositions. The Parties also timely submitted a Stipulated Protective Order governing the production and use of confidential information, which was approved by this Court's Order dated June 1, 2021 (Dkt. 82).

At the Parties' Rule 26 conference, a disagreement arose regarding whether BakeMark was required to simultaneously respond to written discovery and produce documents on June 11, 2021, prior to the scheduled depositions. Accordingly, on June 11, 2021, Defendants Sunrise, Navarro, Klein, and Mulloy (collectively, the "Sunrise Defendants") filed an *Ex Parte* Application To Modify the Order Re Expedited Discovery and Preliminary Injunction Briefing (Dtk. 83) ("Ex Parte Application"). Following BakeMark's agreement to work with Defendants on a new expedited schedule, the Sunrise Defendants withdrew the Ex Parte Application (Dkt. 84).

The Parties are working on submitting a Stipulation to Extend Deadlines Set Forth in Court's Order Re Joint Report Pursuant to Court's April 24, 2021 Order Re: Expedited Discovery and Preliminary Injunction Briefing.

**2. Preservation, Discovery, and Disclosure of Documents, ESI, and Tangible Things:**

The Parties understand that discovery of electronically stored information ("ESI") is necessary, have discussed evidence preservation generally, and understand their respective obligations to preserve documents, ESI, and tangible things containing materials that are relevant to the claims and defenses asserted in this case or that may lead to the discovery of admissible evidence. The Parties have discussed the production of ESI and the form in which this information will be produced. The Parties agree to work together in good faith should any issues arise

regarding the preservation, discovery, and disclosure of documents, ESI, and tangible things.

**3. Initial Disclosures:**

The Parties have agreed to exchange initial disclosures pursuant to Rule 26(a) on August 2, 2021. The Parties do not propose changes to the requirements of Rule 26(a)(1).

**J. <u>Discovery Plan:</u>**

**Plaintiff BakeMark**:

In addition to the expedited discovery to be conducted pursuant to the Court's Expedited Discovery Order, BakeMark anticipates the following fact discovery:

1. Deposition of Defendants and other witnesses who may have information related to the Parties' claims and defenses;
2. Written discovery and document requests regarding the Parties' claims and defenses;
3. Third-party discovery concerning the Parties' claims and defenses.

BakeMark will know more about the names of additional individuals to be deposed following completion of expedited discovery. BakeMark will know whether changes to the limits set forth in the Federal Rules of Civil Procedure are needed following completion of expedited discovery.

**Defendants Capitol and Hardgrove:**

1. Deposition of Plaintiff and other witnesses who may have information related to the Parties' claims and defenses;

2. Written discovery and document requests regarding the Parties' claims and defenses;

3. Third-party discovery concerning the Parties' claims and defenses.

**Defendants Klein, Navarro, Mulloy, and Sunrise:**

1. Deposition of Plaintiff and other witnesses who may have information related to the Parties' claims and defenses;

2. Written discovery and document requests regarding the Parties' claims and defenses;

3. Third-party discovery concerning the Parties' claims and defenses.

**K. Discovery Cutoff:**

The Parties propose the final day for completion of non-expert discovery, including resolution of all discovery motions, to be March 7, 2022.

**L. Expert Discovery:**

The Parties propose the following dates with respect to expert discovery:

Initial Expert Disclosure/Reports.............................March 21, 2022

Rebuttal Expert Disclosure/Reports..........................April 4, 2022

Expert Discovery Cutoff, including depositions............April 18, 2022

**M. Dispositive Motions:**

BakeMark anticipates seeking summary judgment or adjudication on its claims. The Sunrise Defendants anticipate seeking summary judgment or adjudication on the claims alleged and Defendants' defenses. Capitol and Gary Hardgrove anticipate seeking summary judgment or adjudication on the claims alleged and Defendants' defenses.

**N. Settlement:**

To date, the parties have not conducted settlement discussions. BakeMark agrees to submit to private mediation.

**O. Trial Estimate:**

**Plaintiff BakeMark**:

At this time, BakeMark anticipates calling seven party witnesses, possibly five or more third-party fact witnesses, and one or more experts, depending on the

experts designated by Defendants. Thus, BakeMark anticipates approximately seven to ten days of trial.

**Defendants Capitol and Hardgrove:**

Depending on the number of expert witnesses and the number of actual hours in each trial day, Capitol and Gary Hardgrove anticipates a 12- 14 day trial.

**Defendants Klein, Navarro, Mulloy, and Sunrise:**

Depending on the number of expert witnesses and the number of actual hours in each trial day, Sunrise Defendants anticipates a 12- 14 day trial.

**P. <u>Trial Counsel:</u>**

**Plaintiff BakeMark:**

James Turken (lead), Jayesh Patel, Chakameh Ganji

**Defendants Capitol and Hardgrove:**

Gary K. Salomons

**Defendants Klein, Navarro, Mulloy, and Sunrise:**

Theodore E. Bacon

**Q. <u>Independent Expert or Master:</u>**

The Parties do not believe a Master is needed for this case. However, if discovery issues/problems arise, the Parties will meet and confer further on this.

**R. <u>Timetable:</u>**

The Parties submit the requested Schedule of Pretrial and Trial Dates for Civil Cases attached hereto as **Exhibit A**.

**S. <u>Other Issues:</u>**

The Parties do not anticipate additional issues at this time.

**T. <u>Patent Cases:</u>**

Not applicable as the case does not involve patents.

**U. <u>Whether the Parties Wish to Have a Magistrate Judge Preside:</u>**

The Parties do not consent to proceed before a magistrate judge for all further proceedings including trial and entry of judgment.



DOCUMENT PREPARED ON RECYCLED PAPER

Dated: June 18, 2021

JAMES TURKEN
JAYESH PATEL
CHAKAMEH GANJI
**NORTON ROSE FULBRIGHT US LLP**

By * /s/ Chakameh Ganji*
CHAKAMEH GANJI
Attorneys for Plaintiff
BAKEMARK USA, LLC.

Dated: June 18, 2021

THEODORE E. BACON
JACOB M. CLARK
**ALVARADOSMITH**
**A PROFESSIONAL CORPORATION**

By */s/ Theodore E. Bacon*
THEODORE E. BACON
Attorneys for Defendants
SUNRISE FOOD SERVICE, INC., JAVIER NAVARRO, JEFFREY KLEIN AND BOYD MULLOY

Dated: June 18, 2021

**SALOMONS LAW GROUP**

By */s/ Gary K. Salomons*
GARY K. SALOMONS
Attorneys for Defendants
CAPITOL DISTRIBUTION COMPANY, LLC and GARY HARDGROVE



DOCUMENT PREPARED ON RECYCLED PAPER

**FILER'S ATTESTATION**

The undersigned hereby attests that concurrence in the filing of this Joint Rule 16(b)/26(f) Report has been obtained from counsel for Defendants and is electronically signed with the express permission of Defendants' counsel.

Dated: June 18, 2021

**NORTON ROSE FULBRIGHT US LLP**

By *_/s/ Chakameh Ganji_*
CHAKAMEH GANJI
Attorneys for Plaintiff
BAKEMARK USA, LLC.

# EXHIBIT A

**EXHIBIT A - SCHEDULE OF PRETRIAL AND TRIAL DATES FOR CIVIL CASES**

| Case No.: | 2:21-cv-02499 JAK (AGR) |
|---|---|
| Case Name: | BakeMark USA, LLC v. Javier Navarro, et al. |

| **Deadlines:** | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
|---|---|---|---|
| **Last Date to Add Parties/Amend Pleadings** | 8/2/2021 | 8/2/2021 | |
| **Non-Expert Discovery Cut-Off** | 3/7/2022 | 3/7/2022 | |
| **Expert Disclosure (Initial)** *(2 weeks after non-expert discovery cut-off)* | 3/21/2022 | 3/21/2022 | |
| **Expert Disclosure (Rebuttal)** *(4 weeks after non-expert discovery cut-off)* | 4/4/2022 | 4/4/2022 | |
| **Expert Discovery Cut-Off** *(6 weeks after non-expert discovery cut-off)* | 4/18/2022 | 4/18/2022 | |
| **Last Date to File All Motions** (incl. discovery motions) *(6 weeks after non-expert discovery cut-off)* | 5/2/2022 | 5/2/2022 | |
| **Settlement Procedure Selection:** ***(ADR-12 Form will be completed by Court after scheduling conference)*** | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | 3 | 1 | |
| **Last day to conduct settlement conference or mediation** | 12/3/2021 | 12/3/2021 | |
| **Notice of Settlement / Joint Report re Settlement** *(First Friday following last day to conduct settlement conference or mediation)* | 12/10/2021 | 12/10/2021 | |
| **Post Mediation Status Conference** *(10 days after due date to file notice of settlement / joint report re settlement: Mondays at 1:30 pm)* | 12/20/2021 | 12/20/2021 | |

**Note: If necessary, counsel will be invited to submit proposed dates with respect to the final pretrial conference and trial date upon the Court's final ruling on all motions. The trial estimate will be set at the final pretrial conference.**